Whitbeck *v.* Edgar.

---

THIS was an appeal to the chancellor from a decree of the surrogate of the county of Ontario. And was placed upon the calendar, in the fourth class, to be argued ex parte.

*J. Rhoades*, for appellant, moved that the appeal be referred to the vice chancellor of the 7th circuit for hearing and decision. He insisted that 2 *R. S.* 98, §§ 6, 7, authorized a reference, in a case of this kind.

---

WHITBECK *vs.* EDGAR and others.

Who may file a cross-bill.

A defendant cannot demur to a bill, for the misjoinder of other persons as co-defendants.

A demurrer to the whole bill does not lie merely because the prayer for relief is too broad. The proper course, in such a case, is to demur to the part of the relief, specifically prayed for, to which the complainant is not entitled, upon the case made by his bill.

THIS was an appeal from an order of the late vice chancellor of the first circuit, overruling a demurrer, of the defendant Edgar, to the complainant's bill.

*A. L. Robertson & J. Rhoades*, for appellant, ex parte.

The CHANCELLOR said that although it was a general rule that a cross-bill could not be filed by any persons except parties to the original suit, yet that a purchaser, pendente lite, from a

party to the suit, was a privy, and might file a bill, in the nature of a cross-bill, to make himself a party to the suit so as to have his rights protected.

He also held that a defendant could not demur to a bill merely because other persons were improperly made defendants in the suit. He said the objection could only be taken by those persons themselves. Neither could a defendant demur to the whole bill on the ground that the complainant asked for too much ; that if the prayer for relief was broader than the facts of the case warranted, the defendant should demur to the part of the relief asked for to which the complainant was not entitled.