Bosworth, J.
The defendant is a,resident of this state, and resided in Kings County, when the execution was issued, and the order was made. Section 292 of the Code is express, that when an execution against the property of a judgment debtor, “ issued to the sheriff of a county where he resides,” has been returned unsatisfied, the plaintiff is entitled to an order from the judge of the court, or a county judge of the county to which the execution was issued, requiring such judgment debtor to appear and answer concerning his property before such judge at a time and place specified in the order, within the coxxnty to which the execution was issued. ' .
The obvious meaning of the Code is, that a resident debtor shall be brought up for an examination only in the county in which he resides. An execution must be first issued to the county where he resides, and the order must require bim to appear at a specified time, and answer within the county to which the execution was issued.
If no judge of the court resides in the county to which the *596 execution was issued, the order must be obtained from a county judge of that county. The order must require the debtor to appear before the judge by whom it is made, and at some place within the county to which the execution was issued, which must be the county where the debtor resides. It was not intended that a judge of this court should have proceedings of this kind conducted before him out of the city and county of New York.
The order, therefore, could not properly be granted by any judge except the county judge of Kings County, and so far as it relates to Thomas Hooper, must be discharged.