## NEW YORK SUPERIOR COURT.

WILLIAM H. McVICKAR agt. AUGUSTUS W. GREENLEAF, EDWARD B. KETCHUM, and others.

The right to examine the *adverse party* as a *witness* arises immediately on the commencement of the action, and not only after issue joined. Consequently the examination may be had *before issued joined.* (*This is adverse to Suydam* agt. *Suydam,* 11 *How. Pr. R.* 518; *Chichester* agt. *Chichester,* 3 *Sand.* 718; *and Watson* agt. *Gage,* 12 *Abb.* 215—*all of which cases were decided before the amendment to section* 395 *of the Code in* 1863.)

*General Term, November,* 1865.
*Before* BARBOUR, MONELL, *and* McCUNN, *Justices.*
*Heard November* 6, 1865 ; *Decided November* 16, 1865.

THIS action having been commenced by the service of a summons upon some of the defendants (including the defendant, Edward B. Ketchum), the plaintiff, upon an affidavit of such fact, and also of the materiality of, and necessity for, the testimony of the defendant, Edward B. Ketchum,

to be taken before the trial, procured an order that the plaintiff be allowed to examine said defendant as a witness in the action, on two days' notice to him and the other adverse parties.   Cause was shown against this order that no copy of the complaint in this action had been served on the defendant, or issue joined therein; and a motion was thereupon made to vacate and set aside the order. The motion was denied, and another order entered denying such motion, and directing the examination to proceed upon filing and serving on such defendant's attorney a verified complaint in this action.

The defendant, Edward B. Ketchum, appealed from the last-mentioned order.

F. N. Bangs, *for appellant.*
J. Larocque, *for respondent.*

By the court, Monell, J.   The chapter of the Code relative to the examination of an adverse party, as a witness, has undergone few amendments, and is now substantially the same as when originally enacted (*Laws of* 1848, *p.* 559). The only material change is in striking out the words, " in respect to any matter pertinent to the issue," in the 349th, now the 395th section.

The oral examination of parties as witnesses is a novelty introduced by the Code.   Previously, discoveries in cases of actions at law, were obtainable only by bill in chancery. In abolishing the court of chancery, and all distinctions between law and equity, it became necessary to conform the practice, prevailing in courts of law and equity, to one system.   Hence the authority to examine the adverse party was intended to be in lieu of the former bill of discovery.

No question arises in this case, as to the right of a party to take the examination of his adversary.   The statute is explicit, and the right absolute.

The only question raised by the appellant is, whether

McVickar agt. Greenleaf.

the examination can be had before issue joined. The order appealed from was made before any answer had been put in, and before the time to answer had expired.

There is nothing in the letter of the statute designating when the examination may be had. The party may be examined at the trial, before the trial, conditionally, or upon commission. In respect to conditional examinations, and upon commission, they are regulated by other statutes, which are now made to include parties as well as witnesses. A conditional examination may be had immediately upon suit brought (2 *R. S.* 409); but a commission can issue only after issue joined (*Id*). The examination before the trial is not a "conditional" examination. The testimony taken may be read by either party on the trial, whether the party examined be present in court or otherwise.

It is difficult to discover a reason for allowing a conditional examination of a party.

The authority to examine before trial is so ample, that a conditional examination can never be required.

The object of the examination is, to obtain evidence in support of the plaintiff's cause of action, or defendant's defence, and may be more important to a plaintiff before issue than afterwards. In the court of chancery a bill of discovery was entertained even before suit brought, and it was not necessary to aver that issue had been joined (2 *Barb. Ch. Pr.* 106). It was sufficient, if charged, that the discovery was necessary to enable the complainant to bring his suit at law. In allowing the examination to be before trial, it must have been the design of the legislature to prevent a party from depriving his adversary of his testimony at the trial. It was not merely for the convenience of the party examining, but to procure evidence in support of the action or defence. One of these designs of the legislature might always be defeated, if the examination was postponed till after issue joined.

The cases to which we have been referred as holding,

that the issue must be joined before the party can be examined, were decided prior to the amendment of the 349th section.    In all those cases that section, as it stood before the amendment, is referred to as controlling the view that the whole examination must be upon matter pertinent to the issue.

The reason for the amendment is not obvious.    It was made as late as 1863, and several years after parties were allowed to be examined as witnesses on their own behalf (*Laws* 1857, *p.* 744).    Since the enactment of the law last referred to, very little of the chapter in the Code, allowing adverse parties to be examined, is of any importance. A party may be examined as a witness on his own behalf, or on behalf of any other party, in all cases, and either at the trial, or conditionally, or upon commission.    Hence, the whole of the present 395th section might as well be repealed.

As the statute now stands, there is not, in terms, any limit to the time when the examination may be taken, nor does there seem to be any reason for a limitation.    A conditional examination of an adverse party can be had immediately on the service of the summons.    The reason is, that otherwise a party might be deprived of the testimony of an important witness.    There are equally cogent reasons for allowing the examination of an adverse party before issue.    And besides, the evidence procured on such examination may end the litigation.

In the case before us the necessity for an immediate examination is not disputed, and the amendment of the 395th section having removed the only ground upon which the decisions in the several cases to which we have been referred were placed, we are not bound to regard them as authority.

I think the order should be affirmed.    The right to examine the adverse party arises, in my opinion, immedi-

ately on the commencement of the suit, and not only after issue joined.

