## APPLETON *vs.* APPLETON.

The proceeding under section 391 of the Code of Procedure is exclusively a
statutory one, in derogation of the common law, and section 394 should be
looked upon as a statutory definition and *limitation* of what may be done, or
of what order or orders may be made, in case a party refuses to attend and
testify as in the four preceding sections provided, when regularly notified
and required to do so, under such sections.
Section 394 does not give the court the power to *stay the party's proceedings*
in the action, where he refuses or neglects to attend for examination before
the trial. CLERKE, J. dissented.
The power of the Supreme Court is limited to the territory of the state, and
in the absence of any statute authorizing a service out of the state, the
service of a judge's summons and of notice to attend for examination, in another
state, must be deemed to be utterly void and ineffectual for any purpose. *Per*
SUTHERLAND, J.

APPEAL from an order made at a special term, staying
the plaintiff's proceedings in this action until he shall
attend for examination as a witness, previous to the trial.

SUTHERLAND, J. A proceeding under section 391 of the
Code, furnishes no room or occasion for the doctrine of the
*inherent power* of the court, whatever those words may
mean.

Such proceeding is exclusively a statutory one in deroga-
tion of the common law, and section 394 should be looked
upon as a statutory definition and *limitation* of what may
be done, or of what order or orders may be made, in case a
party refuses to attend and testify as in the four preceding
sections provided, when regularly notified and required to do
so under such sections.

Section 394 does not give the power to stay the party's
proceeding in the action, and the order appealed from should
be reversed on that ground.

Besides, the power of the court is limited to the territory
of the state, and in the absence of any statute undertaking
to authorize a service out of this state, the service of the
judge's summons and of the notice on the plaintiff in Mas-

Appleton *v.* Appleton.

sachusetts, must be deemed to have been utterly void and ineffectual for any purpose.

The order should be reversed, with $10 costs.

LEONARD, J. The power to strike out a pleading is to be enforced under section 394 of the Code of Procedure only in case of a refusal to testify, as in the four previous sections provided. Section 390 provides for an examination by a commission where the party is out of this state. The defendant must resort to that remedy, and then, in case the plaintiff refuses to testify, the court may strike out his complaint. It is possible the court may permit an open commission to examine the plaintiff orally, and then, in case of refusal to testify, exercise the power permitted by section 394.

The present order is clearly without authority, and is not a legitimate exercise of power, in my opinion.

I concur with Judge SUTHERLAND.

CLERKE, J. (dissenting.) By the affidavit of Mr. Knox, one of the defendants' attorneys, it appears that, in order to enable the defendants properly to prepare for the trial, it will be necessary to examine the plaintiff as a witness before the trial ; that is it is necessary for her effectual defense that she should avail herself of the privilege given by section 391 of the Code of Procedure. The question, then, arising on the motion before us is, has this court power to stay the plaintiff's proceedings in an action, where the plaintiff refuses or neglects to attend for examination before the trial, in conformity with this section. The plaintiff cannot be compelled in any other way ; as he has been, for sometime, is now, and is likely to continue, absent in another state. Section 394 provides, " If a party refuse to attend and testify, he may be punished as for a contempt ; and his complaint, answer, or reply, may be stricken out. Is this the only consequence which the court has the power of imposing for the nonattendance of a party ? .

I. The power of this court over the proceedings in an action, pending in it, is, if not altogether unlimited, certainly very extensive. One of its highest prerogatives is to prohibit any unfair advantage in the prosecution or defense of an action, and to compel each party to do whatever may be essential to enable it to administer justice between the respective litigants. Therefore, I think, if the plaintiff has thought proper to bring his action in this court, and if it is deemed necessary to enable his opponent effectually to defend, the court, by its inherent power, can say, "you shall proceed no further with the prosecution of your case, until you obey the summons, requiring him to attend for examination as a witness. To be sure, in consequence of his continued absence in another jurisdiction, we cannot punish him for contempt ; neither can we strike out his complaint. But, I am of opinion, that we can interdict any further proceedings in the action, until he shall comply with the requisition of the summons. This power, as I have said, is inherent, and would belong to the court as one of its essential prerogatives, even if it possessed no equity jurisdiction.

II. I chiefly, however, rely on the consideration, that the examination, provided for by these sections, is a substitute for the bill of discovery, which is abolished by the first section of the chapter, (chapter 6,) under which these are allotted. Now, in all, or nearly all cases, an injunction followed the bill of discovery, staying the proceedings in law, until the discovery, sought for, should be obtained from the answer ; and, if the defendant in the bill of discovery should pass to a foreign jurisdiction and refuse or neglect to answer, the court of chancery, in a proper case, would continue the injunction ; so that, the plaintiff in the action at law would be placed precisely in the same position, in which the plaintiff in this action is placed by the order appealed from. I am confident, that the legislature, in abolishing the action for a discovery, and substituting these sections in its place, never intended to abridge the equitable power of the

Appleton *v.* Appleton.

court in enforcing a compliance with their provisions. The mere substitution of a new method of examination, making it oral instead of written, is no reason why the method of enforcing the required discovery should be also necessarily changed. To say this is to say, that a court of superior jurisdiction can be curtailed, by inference, of a power, which it always possessed and constantly exercised. It cannot be held that because the legislature has allowed additional means of enforcing the discovery, every other means, heretofore employed, are prohibited. There would be sufficient reason to hold this, if the language, employed as to the means of enforcing the examination, was as explicit as that employed in section 389. That section expressly says, that " No action to obtain discovery under oath, in aid of the prosecution or defense of another section, shall be allowed," and then provides for the method which is substituted for it. Here is an express abrogation of the old method of obtaining the discovery ; but there is no provision abrogating the method by which the discovery had been always enforced ; and I maintain that it cannot be done by implication.

The order should be affirmed, with costs.

Order reversed.

[New York General Term, November 4, 1867. *Leonard, Clerke* and *Sutherland,* Justices.]