Robertson, Ch. J.
This purports to be an appeal from an order at special term, or “ from so much of it as prevents and restrains the plaintiff from examining into the property of the defendant fully, in a proceeding supple- ' mentary to execution.” An order was formally entered as at special term, upon such supplementary proceeding, declaring that the examination of the defendant, under the order obtained therein, should “ be confined to the fact as to whether the defendant had acquired any property, real or personal, since the date of his examination on a former order,” and that all questions put to him on the examination in question prior to the date of such former examination (August 2, 1864,) were overruled.
Were the order appealed from an order in an action, I should be inclined to believe that the exclusion of the questions was improper, because the former proceeding was never terminated by a decision, but was voluntarily abandoned by consent of both parties. Supplementary proceedings perform the office of bills in equity, to reach the property of a debtor, not tangible at law, or after a remedy by execution has failed. The right of discovery or examination is merely auxiliary to the right of relief, and the first proceeding or action must be terminated by a decree or order on the merits before it can become res judicata that the defendant had no property when it was commenced. An agreement to discontinue an action in equity, even after a defendant has put in an answer making discovery, could never have been available to prevent the requiring a similar answer in a new action. • And the same rule should prevail as to- examinations on supplementary proceedings.
• But I do not see how an appeal can be brought to the general term of this court from the exclusion by a judge before whom the examination was taken, of any questions. *497 It is entirely a proceeding before a judge, and not before a court, (Davis v. Turner, 4 How. 190; Miller v. Rossman, 15 id. 10; Bitting v. Vandenburgh, 17 id. 80) although entitling an order made by him as being at special term does not make it void. (Dresser v. Van Pelt, 15 How. 19.) A mere voluntary appearance to be examined confers no jurisdiction. (Sacket v. Newton, 10 id. 561. A county judge, judge of the court of common pleas of this county, or of the Supreme Court, has precisely the same jurisdiction and power in case of a judgment in this court, as a justice thereof, (Code of Procedure, § 292, subd. 2 ;) except that a county judge cannot adjourn the examination at all. (People v. Huber, 1 Code R. N. S. 75.) Jurisdiction is only acquired by an affidavit containing the proper allegations. (Whitlock’s case, 1 Abb. 320. Lindsay v. Sherman, 1 Code R., N. S. 25. Hough v. Koblen, Id. 232.) The order must comply with the statute, or it is irregular. (Dresser v. Van Pelt, ubi sup. Hobart v. Frost, 5 Duer, 672. 3 Abb. 120. Hersenheim v. Hooper, 1 Duer, 594. Wilson v. Andrews, 9 How. 39. Arctic Ins. Co. v. Hicks, 7 Abb. 204.) Jurisdiction is lost by a failure to continue the proceedings by regular adjournments. (Squire v. Young, 1 Bosw. 690.) Such authority is strictly construed, so as not to embrace corporations who áre debtors. (Hinds v. Canandaigua R. R. Co., 10 How. 487. Sherwood v. Buffalo R. R. Co., 12 id. 136.)
I do not see, therefore, how this court could resume jurisdiction, if the supposed special term order were reversed. Unless the order were kept alive by adjournments, all jurisdiction is lost, and can only be regained by a new order. Besides, no final order seems to have been made, and I do not understand that an appeal may be taken from every refusal to allow different questions to be put. The proceeding in such case would be too harrassing and oppressive to the judgment debtor. Until such final *498 order is made, the proceeding is not disposed of, and whether the remedy, then, for any error committed in the course of it is by' appeal or certiorari, it is not necessary to decide.
I think the supposed order was not a subject of appeal, and the appeal should be dismissed, without costs.