First National Bank of Elkhorn vs. Wood.

FIRST NATIONAL BANK OF ELKHORN vs. WOOD.

PRACTICE:    (1, 2.) *On what condition one party compelled to attend and examined as witness by the other party.*  (3). *Waiver of irregularity.*  (4.) *Striking out answer for defendant's refusal to appear and be examined.*

1.  Where an order directing defendant to appear and be examined as a witness, was required to be served, and the witness fees tendered, at least *five* days before the time named for such examination, and (although the order was seasonably served) the fees were tendered only *four* days before that time :    *Held,* that defendant was not bound to attend for such examination.

First National Bank of Elkhorn vs. Wood.

2. The statute (R. S. ch. 137) contemplates, in such a case, (1.) Service of the notice prescribed by sec. 55; (2.) Service of the proper summons or subpœna; and (3.) Payment of the legal fees.
3. Acceptance of the fees, and the appearance of the defendant's counsel at the appointed time and place, merely for the purpose of objecting to the proceedings as irregular, did not constitute a waiver of the irregularity.
4. Defendant's refusal to appear and be examined under these circumstances is not sufficient ground for striking out his answer in the cause.

APPEAL from the Circuit Court for *Milwaukee* County.

The case is stated in the opinion.

*Carpenter & Murphy*, for appellant, contended that the order of the court performed at once the office of a subpœna and a notice, and was all the notice required by ch. 137, R. S.; that by sec. 55 of that chapter the party may be "compelled to attend *in the same manner as other witnesses*," and other witnesses may be compelled to attend by service of a subpœna and payment of the legal fees, as in this case (R. S. ch. 137, secs. 1, 2, 3); that if the order and proceedings were not strictly in accordance with the provisions of ch. 137, they were certainly justified by those of ch. 44, Laws of 1869, which is an amendment of ch. 137—the defendant not being a resident of this state; and that in any event, after accepting his fees, the witness cannot be heard to say that he was not served in proper time.

*Jenkins & Elliott*, for respondent, argued, among other things, that no order of any court or judge was necessary, unless to direct shorter notice than is required by the statute (*Taggard v. Gardner*, 2 Sandf. 668; *Garighe v. Losche*, 6 Abb. 284 n.; *Draper v. Henningsen*, 1 Bosw. 611; *Bleecker v. Carroll*, 2 Abb. 82; *Leeds v. Brown*, 5 id. 418); that the proper practice requires, first, a notice of five days; second, a subpœna served; third, payment of fees; and that the order should have been made by the commissioner, and not by the court (*Draper v. Henningsen*, 1 Bosw. 615).

COLE, J. This is an appeal from an order of the circuit court of Milwaukee county, refusing to strike out the answer of the defendant *Wood*, because he refused to attend before a commissioner to be examined as a witness on behalf of the plaintiff in the action. The circuit court, on the application of the plaintiff, made an order on the 4th of November, 1869, that *Wood* appear before the commissioner on the 13th of that month, then and there to be examined as a witness. *Wood* was a resident of another state, but then temporarily in Milwaukee. The order required that it should be served upon *Wood*, and his legal fees paid him as such witness, at least five days prior to the 13th of November. The order was served on the 8th, but no fees were paid until the 9th. *Wood* not appearing before the commissioner at the time specified in the order, the plaintiff insists that his answer in the cause should be stricken out on account of his refusal to appear and be examined. This raises a question as to the regularity of the plaintiff's practice, and whether it is entitled to have the defendant's answer stricken out as a consequence of his disobedience of the order.

Our statute abolishes all actions to obtain discovery in aid of the prosecution or defense of another action, but provides that a party to an action may be examined as a witness at the instance of the adverse party, and for that purpose may be compelled to give testimony in the action, in the same manner and subject to the same rules of examination as any other witness. Sec. 54, ch. 137, R. S. This examination may be had either on the trial, or at any time before the trial of the action, at the option of the party claiming it, before a judge of the court or county judge, on previous notice to the party to be examined, of *at least five days,* unless for good cause shown the judge order otherwise. But the party to be examined shall not be compelled to attend in any other county than that of his residence, or where he may be served with

summons for his attendance. He can be compelled to attend in the same manner as other witnesses. Sec. 55.* This is the regulation of the statute upon the subject. And by these provisions we have no doubt that the party to be examined is entitled to five days notice and the payment of his fees, like any other witness. Possibly, upon good cause shown, the judge might abridge or enlarge the time. But it was not done in this case. On the contrary, the order itself required that it should be served upon the defendant, and his fees paid, at least five days prior to the day of examination. This condition of the order was not complied with. For, although the order was served upon the 8th, yet the fees to which the defendant was entitled as a witness were not paid until the 9th of November. Now, conceding that the order of the court performed at once the office of a subpœna and notice, as claimed by plaintiff's counsel, still there was a failure to pay the fees as required by the order. The statute provides that the party to be examined "may be compelled to give testimony in the action, in the same manner and subject to the same rules of examination as any other witness." This, evidently, not only contemplates the giving of the notice prescribed in the 55th section, together with the service of the proper summons or subpœna, but likewise requires the payment of the legal witness fees.

Nor do we think there is any ground for holding that the defendant waived this irregularity by accepting the fees on the 9th, or by anything his counsel did before the commissioner. His counsel appeared before the commissioner, and objected to the regularity of the proceedings on various grounds.

We cannot see that chapter 44, Laws of 1869, has any bearing upon the question we are considering.

---

* Section 58 provides that if a party refuse to attend or to testify as thus provided, he may be punished as for a contempt, and his complaint, answer or reply may be stricken out.                                    REP.

That statute seems to relate to, and regulate the taking of, the deposition of witnesses not parties to the action.

*By the Court.*—The order of the circuit court appealed from is affirmed.