Stuart vs. Allen and others.

EXAMINATION OF PARTY before trial. *(1) Who may punish for contempt. (3) Practice on such examinations. (2)* APPEALABLE ORDERS. *Determination of court, in form of order, before trial, held a mere ruling as to evidence and not appealable.*

1. The examination of a party to an action at issue, before trial, at the instance of the adverse party (R. S. 1858, ch. 137, sec. 55, as amended; Tay. Stats., 1602, § 81), is strictly a statutory proceeding, and, by the law

Stuart vs. Allen and others.

as it stood prior to the revision of 1878, the officer conducting it, whether a judge at chambers, the county judge or a court commissioner, had no power to punish for contempt.

2. On hearing an order upon the plaintiff to show cause why he should not answer certain questions put to him in his examination before a court commissioner previous to trial, or in default thereof be punished by having his answer stricken off, the trial court made a ruling in the form of an order, by which it determined that plaintiff rightly refused to answer such questions, and that therefore defendants' motion based upon the order to show cause be denied. *Held*, that this was not properly an order, but a mere ruling upon the admissibility of evidence, and was *not appealable*.

[3. The practice upon examination of a party to the action, before trial, by an officer not authorized to punish for contempt, where such party refuses to answer oral interrogatories not settled and their materiality determined by the court beforehand, considered, but not determined in this action.]

APPEAL from the County Court of *Milwaukee* County. Defendants appealed from a decision of the court in the form of an order, the character of which will sufficiently appear from the opinion. Plaintiff moved to dismiss the appeal.

The motion was argued by *D. S. Wegg* for the respondent, and by *H. M. Finch* for the appellants.

ORTON, J. This cause was pending in the county court of Milwaukee county, and at issue upon complaint and answer, and the appellants had given notice to the respondent, under sec. 55, ch. 137, R. S., and its amendments, to appear and be examined before Edward M. Hunter, Esq., a court commissioner of Milwaukee county, and the respondent did so appear; and, while being examined, certain questions were propounded to him by the appellants' counsel, which were objected to by the counsel of the respondent on the ground of their irrelevancy, and the respondent refused to answer the same, and they remained unanswered when the examination was closed; and thereupon the appellants' counsel requested the commissioner to certify the deposition and such refusals to answer, to the county court, for the purpose of obtaining its determination as to the propriety of the questions which the respondent so re-

fused to answer, and for obtaining an order from the court compelling the respondent to answer the same. The appellants also obtained from the county court an order upon the respondent, to show cause why he should not answer each and all of the questions which he has so refused to answer before the commissioner, or, in default thereof, that his complaint be stricken off, etc.

Upon the hearing of this rule, the county court made the following order: "The court, now being sufficiently advised, adjudges that the objections of the plaintiff's counsel to the several questions propounded to the plaintiff which the plaintiff refused to answer, and which are certified to this court for decision by said court commissioner, should be and are sustained, for the reasons stated in said several objections, and that the said plaintiff rightfully refused to answer the same upon the advice of his said counsel, and that therefore the motion of the said defendants, based upon their order to show cause, is denied."

From this order or decision, the appeal is taken to this court, which the respondent's counsel now moves to dismiss on the ground that such an order is not appealable.

The order itself, although in the form of an order denying the motion based upon the order or rule to show cause, is really nothing more than the *ruling* of the county court as to the relevancy and admissibility of certain evidence offered by the appellants and objected to by the respondent, and is no order, either intermediate or final, properly so called, which, under the statute, is appealable.

In this state, the court commissioner conducting such an examination, though having the power to compel the attendance of the party for such purpose by attachment, as in cases of taking depositions by sec. 94, ch. 13, R. S. 1858, has no lawful authority to punish a party or witness for refusing to testify or to answer questions propounded to him, as for contempt. Such an examination of a party before trial is strictly a statutory proceeding; and the officer conducting it, whether a judge at chambers, the county judge or a court commissioner, has

no power to punish for such contempt, unless specially conferred by the statute. *In re Remington*, 7 Wis., 643; *Appleton v. Appleton*, 50 Barb., 486; *People v. Brennan*, 45 id., 344.

The course to be pursued by the commissioner in the examination of a party previous and ancillary to the pleadings in the cause, in place of and as a substitute for a bill of discovery proper, where the proper order is obtained, and the interrogatories and proper questions to be propounded, and their materiality to the proposed issue, are settled and determined beforehand, and such party refuses to answer them, or any of them, would seem to be plain; for it is clearly and directly a contempt of the court granting such order, and so directing; and, upon the report of such refusal by the commissioner, unless the questions objected to are waived by the opposite party, the court would at once punish for the contempt.

But in an examination of a party *after issue*, upon verbal interrogatories or orally, where no order is made by the court, and no special direction given to the examination, questions of the materiality or relevancy of the evidence will necessarily arise to be decided. The proper practice in such case, and how and by whom these questions are to be decided, are not so clear, and there seems to be a strange dearth of authorities upon the subject. It would seem that in such case the same practice would obtain, and the testimony would be taken in the same manner, as in taking the depositions of witnesses upon verbal interrogatories to be used conditionally or otherwise in a cause at issue pending in court. Secs. 54, 55, ch. 137, R. S. 1858; *First National Bank of Elkhorn v. Wood*, 26 Wis., 500; *McVickar v. Greenleaf*, 30 How. Pr., 61.

In the case of *People v. Dyckman*, 24 How. Pr., 222, the course pointed out in the opinion, to be pursued in New York, when the officer conducting the examination has the power to punish for contempt for refusal to answer, would seem to be equally the proper practice in this state, or anywhere where no power to punish for such contempt is given to the officer taking the evidence. The court say: " The judge [taking the evidence] is to decide whether the question is legal and perti-

nent to the issue . . . Before compelling the witness to answer, the judge must be satisfied that the question propounded is legal and pertinent to the issue formed by the pleadings."

There would seem to be great propriety in a court commissioner, examining a party before trial in this state, deciding upon the objections made to the relevancy of evidence so taken, at the time, and if such objection should be overruled by him, and the witness ordered to answer, and he should then persist in refusal to answer, in his reporting the whole matter to the court in which the action is pending, for proper proceedings against the party for such contempt. Then, in either case, the court might punish the party by fine or imprisonment, or by striking his pleadings from the files; and from such final order perhaps an appeal would lie to this court, as from an order affecting a substantial right or a provisional remedy. *Noonan v. Orton*, 28 Wis., 386; *Blossom v. Ludington*, 31 · id., 283; *First National Bank v. Wood, supra; Forbes v. Willard*, 37 How. Pr., 193; *Green v. Herder*, 30 id., 210. But these questions we do not decide, as they are not pertinent to this motion, but suggest them, as they may throw some light upon the real question here, the appealability of this order. Whether it is the proper practice for an officer taking depositions in this state, when he has no power to punish for contempts, to so decide upon the materiality of the evidence at the time, and shut out or fail to take evidence offered which he deems impertinent and irrelevant, as in some states, or to take down all the evidence offered, material or immaterial, subject to objections, and return the evidence and the objections to the court, as in Michigan (23 Mich., 56), we do not decide. But in case of persistent refusal of a party to answer questions propounded, it would seem to be necessary, in order to obtain the evidence of the party before the trial, that immediate report should be made by the officer to the proper court, for proper judicial action. When the practice is adopted, as in this case (wanting only the ruling of the commissioner upon the objections), the court may properly pass upon such

objections, and advise and direct the officer to take or omit the proposed evidence. But this would be merely *advisory*, and *a mere ruling and direction* as to 'the admissibility of the evidence, which, even if excepted to, would not be appealable. It was formerly the practice in chancery, for the master, in taking testimony, when questions arose as to the admissibility of the evidence, to report to the chancellor and take his advice and instructions upon the matter; and in such case, if the chancellor, upon the refusal of the witness to answer, ordered him to answer, and decided the questions proper, such order, decision or ruling was not appealable. *Williamson v. Hyer*, 4 Wend., 170. It might be objected that, in case the court in which the action is pending should, upon such report by the commissioner, decide the evidence offered to be improper, and direct the commissioner to omit the same from the deposition, as in this case, unless such order is directly appealable to this court for the correction of the error, if any, the evidence excluded, and the benefit to the opposite party of taking it before trial, might in many cases be lost. This may be a consequence not foreseen by the legislature, and not provided against by the statute. But the consequence would be the same in depositions of witnesses taken *de bene esse*, when proper evidence should be excluded by such instructions of the court to the officer, and would be equally serious and as incurable when proper evidence is excluded by the court upon the trial; when the judgment for that reason might be reversed, and a new trial ordered, the evidence thus excluded, by objection to the questions propounded, might never be produced, or be lost by the death, or removal from the country, of the witness, or for other causes. And yet this court has held that when the circuit court has excluded all the evidence offered by the plaintiff on the trial, and dismissed his complaint, and such ruling is reduced to writing and signed by the judge, but no formal judgment is entered in the action, such order or ruling is not appealable. It says: "The ruling of the court upon the objection was like any other ruling made upon the trial. It was strictly analogous to a ruling of the court excluding testi-

Stuart vs. Allen and others.

mony offered, or admitting testimony objected to, or granting a nonsuit, or sustaining a demurrer to evidence. Such decisions, though drawn up in the form of orders and signed by the judge, do not become a part of the record, unless embraced in a bill of exceptions." *Johannes v. Youngs*, 42 Wis., 401. See also *Sturm v. Atlantic Mutual Insurance Co.*, 63 N. Y., 77.

In *Carter v. Clarke*, 7 Rob., 490, it is held that *an order made at a special term*, that a party to supplementary proceedings, while being examined before a justice, *need not answer certain questions propounded to him*, is not an appealable order. In his opinion, the chief justice says: "No final order seems to have been made, and I do not understand that an appeal may be taken from every refusal to allow different questions to be put." In *Plato v. Kelly*, 16 Abb. Pr., 188, it is held that the examination of the party plaintiff before trial, under the statute, is in the nature of a cross examination of a witness, and that the ruling of the judge passing upon the admissibility of evidence is discretionary and not appealable, but the question may be raised as any other question of evidence on the trial.

We regret that the practice under this provision of the statute for the examination of parties after issue and before trial, is not better settled and regulated by the statute; but the revisers have sought to remove some of the difficulties by giving authority to officers taking depositions to punish for contempts, as in New York.

*By the Court.* — The appeal is dismissed, with costs.

RYAN, C. J., took no part.