## BLOSSOM vs. LUDINGTON, imp.

PRACTICE.     *Examination of a party as a witness before the trial — Written Interrogatories.*

1. Under secs. 54, 55, ch. 137, R. S., in the absence of any other statute or any general rule of court settling the practice, a party to an action may be examined before the trial, if the court shall so order, *upon written interrogatories*, settled by the court in which the action is pending, or by the judge thereof, in the same manner and subject to the same rules as other witnesses whose testimony is taken *on commission.*

2. Upon complaint and demurrer and an affidavit of plaintiff tending to show that it was necessary for him to examine one of the defendants on certain points for the purpose of amending the complaint

and determining whether it was necessary to add new defendants, the court made an order granting plaintiff leave to examine said defendant before a commissioner *on written interrogatories to be settled and allowed* by the court or judge thereof, on notice to the defendants. *Held*, that the order was valid and regular.

APPEAL from the Circuit Court for *Milwaukee* County.

This appeal was taken by *Ludington* from an order granting plaintiff leave to examine him under oath, before a commissioner, on a notice of five days, upon written interrogatories to be proposed by the plaintiff and settled and allowed by the court. The circumstances under which the order was made will appear from the opinion.

*Mariner, Smith & Ordway*, for appellant, argued that under our statute (R. S., ch. 137, secs. 54, 55), a party may be compelled to give testimony in the action in the same manner and subject to the same rules of examination as any other witness ; the examination may be had either on the trial, or at any time before trial, at the option of the party claiming it; and this right is absolute (*Green v. Wood*, 6 Abb. Pr. R., 277, and 29 How. Pr. R., 483) ; that the party to be examined can be compelled to *attend* in the same manner as other witnesses, except that he is to have five days' notice ; that the " notice " or " summons," which takes the place of the subpœna, must be accompanied by a tender of the regular witness's fees (*First Nat. Bk. of Elkhorn v. Wood*, 26 Wis., 501) ; that this provision is exclusively statutory (*Appleton v. Appleton*, 50 Barb., 486), and that the statute nowhere provides for any such order as was made in this case ; that sec. 392 of the New York code provides that the party to be examined may be compelled to attend in the same manner as a witness who is to be examined *conditionally* (Voorhies' Code, 10th ed., 608), which examination could be obtained only by order based upon an affidavit showing the necessity therefor (id., 622) ; and that all the cases in New York are based on this statute. *Green v. Wood*, 6 Abb. Pr. R., 281 ; *Garighe v. Losche*, cited in note to the foregoing

case, at p. 284; *Cook v. Bidwell*, 29 How. Pr. R., 483; *Duffy v. Lynch*, 36 id., 509. 2. They further contended that bills in equity for discovery were entertained to aid a party prosecuting or defending an *action at law*, but not to enable a party to begin a suit in equity, or amend the complaint in one already commenced; and that no action could ever have been maintained to accomplish the object of the affidavit and order in this case. Story's Eq. Pl., § 311 et seq. 3. They declined to discuss the question whether such an examination can be enforced in any case before issue of fact joined, but cited in the negative *Bell v. Richmond*, 50 Barb., 571.

*Carpenter & Murphey*, for respondent, argued that as sec. 54, ch. 137, R. S., abolishes the bill of discovery, and provides as a substitute therefor the summary examination of a party at the instance of the adverse party (*Wiggins v. Gans*, 4 Sandf., 647; *Draper v. Heningsen*, 16 How. Pr. R., 284; *Dunham v. Nicholson*, 2 Sandf., 637; *Green v. Wood*, 16 How. Pr. R., 338; 1 Whittaker's Pr., 625), in order to determine the time when and causes for which such examinations may be allowed under the statute, it is necessary to consider when and under what circumstances a bill of discovery might have been filed before the statute; that such a bill could always be filed in aid of a suit at law before the latter was commenced, or to enable the party to frame his action or declaration after suit brought (2 Story's Eq. Jur., § 1495; *Mendes v. Barnard*, 1 Dickens, 65; *Moodaly v. Moreton*, 2 id., 652; Cooper's Eq. Pl., ch. 3. sec. 3; Story's Eq. Pl., §§ 321, 560; *Angell v. Angell*, 1 Simons & Stuart, 84; *Peck v. Ashley*, 12 Met., 478; *Mayor etc. v. Levy*, 8 Ves., 404); that none of the grounds upon which a bill of discovery may be resisted (enumerated in 2 Story's Eq. Jur., § 1489) can be maintained against the relief sought by the examination of the appellant in this case; that in the light of the foregoing authorities it must be held that the only limitation imposed by the statute on the discovery of facts by the examination of the adverse party, other than those imposed upon a

court of equity in cases of bills filed for a discovery, is that *now* a suit must be pending in which the examination is had, while *before* the statute the relief sought might be obtained by a bill of discovery before the suit was brought at law, upon the suggestion of the party that he intended to bring such suit, or without any suggestion, if the court could see from the case made that he had a case at law, and that the discovery sought would tend to prove it. 2. Counsel further contended that the New York statute differs from ours in that it limits the examination of an adverse party both as to the time when and circumstances under which it can be made (N. Y. R. S., vol. 3, p. 570, § 389); yet even in New York a party may be examined at the instance of the adverse party before any pleadings are put in on either side (*Duffy v. Lynch*, 36 How. Pr. R., 509 ; *McVickar v. Ketchum*, 30 id., 61 ; *Same v. Same*, 19 Abb. Pr. R., 241, and 1 id., N. S., 452 ; *Bell v. Richmond*, 50 Barb., 572) ; and that while it has been held in some cases in that state (*Balbaini v. Graham*, 2 Code R., 75 ; *Chichester v. Livingston*, 3 Sandf., 718 ; *Suydam v. Suydam*, 11 How. Pr. R., 518 ; *Watson v. Gage*, 12 Abb. Pr. R., 215), that where a party is sought to be examined before the trial, instead of at the trial, merely for the purpose of obtaining his testimony, this examination can take place only *after issue joined*, yet in *Chichester v. Livingston* (which formed the basis of all these decisions except the first named), it is admitted that when a discovery is necessary to enable a party to answer or reply, it may be had by an examination of the opposite party, but it is said that "in that case the examination ought not to take place *unless by special order of the court*, or cause shown by affidavit as to the necessity of the examination," and this view is impliedly assented to in *Newman v. Kershaw*, 10 Wis., 349. 3. The decisions that the examination of a party at the instance of the adverse party could not be had before issue joined were based upon the law as it stood in New York before 1857, which did not allow the party to be called as a witness in *his own* behalf, and

were intended to give effect to the statutory provision guaranteeing to a party called to testify at the instance of his adversary the right to testify to "any matter *pertinent to the issue*" in his own behalf. *McVickar v. Ketchum*, 30 How. Pr. R., 64; *Bell v. Richmond*, 50 Barb., 372. 4. The legislature has no power to deprive parties to actions of the *substance* of the remedy furnished under the former practice by a bill of discovery. Const. of Wis., art. I., sec. 9; art. VII., sec. 2; *Oatman v. Bond*, 15 Wis., 29.

COLE, J. This is an appeal from an order of the circuit court granting leave to the plaintiff to examine the defendant *James Ludington* before a commissioner, on written interrogatories to be settled and allowed by the court or the judge thereof, upon notice to the defendants. No issue has been formed in the action. The order is founded upon the complaint and the demurrers thereto, and the affidavit of the plaintiff, in which he states that he is informed by his counsel and verily believes that it is important that he should examine said *Ludington* on the subject of the transfer of the mortgages mentioned in the complaint, for the purpose of amending the same, and in order to judge of the necessity of adding new parties defendant therein. It is insisted on the part of the defendant, that the plaintiff has failed in every respect to show himself entitled to such an examination before trial, and that the order appealed from is irregular and unauthorized by any statute or rule of practice.

The practice in regard to the examination of a party in a case like the one before us does not seem to be regulated by statute, nor by any general rule of court. It is enacted that no action to obtain discovery under oath in aid of the prosecution or defense of another action shall be allowed; but that a party to an action may be examined as a witness at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled to give testimony in the action in the same manner and subject to the same rules of

examination as any other witness.   Sec. 54, ch. 137, R. S. This provision· was obviously adopted for the purpose of abolishing the bill of discovery, and to provide a substitute therefor.   By section 55 it is enacted, that the examination provided for in the previous section may be had either on the trial of the action or at any time before trial, at the option of the party claiming it, before a judge of the court, or county judge, on a previous notice to the party to be examined and any other adverse party, of at least five days, unless for good cause shown the judge order otherwise.

These provisions, it is said by the counsel for the defendant, give to the party claiming it the absolute right to examine the adverse party, either as a witness generally or for the purpose of discovery, and point out the exact way in which the examination is to be made.   The statute does not contemplate that where a party is examined before the trial, such examination should be upon written interrogatories settled by the court, but that the testimony should be taken and reduced to writing as when a witness is examined in court at the trial.   The order in the present case was irregular for the reason that the court had no power to control and direct the course of the examination, and to restrict it to written interrogatories settled and allowed by it.   No order to obtain a discovery was necessary or even permissible, but the course for the plaintiff to have pursued was to have followed the statute, given the five days notice prescribed, and then enforced the attendance of the defendant as in ordinary cases where witnesses refuse to attend.   This is the construction placed upon the statute by the counsel for the defendant *Ludington.*

Now if this view is correct — if the right to a discovery is absolute, and the court has no power to control the examination by framing interrogatories or in some way restricting its limits, as was attempted in the case before us, then it is plain this statute may become the means of the greatest abuse and oppression.   For an unscrupulous party has but to commence

his action, and then insist upon the examination of the adverse party for the purpose of discovery, and compel the disclosure of matters wholly impertinent to his case, and in which he has no interest, merely to gratify his malice or curiosity. And so much injustice might be done by such an unrestricted, roving examination of a party, that we have earnestly endeavored to so interpret the statute as to secure the object of its enactment, and at the same time give the court in which the action is pending some power to restrict the examination within proper limits. The statute is certainly very vague in its language — more so, as will be found on examination, than is the corresponding statute of New York, from which it was doubtless copied. It will be observed, however, that the statute abolishes all bills of discovery, but provides that a party may be examined as a witness at the instance of the adverse party, and may be compelled to give testimony in the action *in the same manner and subject to the same rules of examination as any other witness.* Now it seems to us that it does not necessarily follow that the party is to be examined as a witness in open court is examined, or even upon oral questions put as in case of depositions taken before a magistrate, but that if the court shall so order he may be examined on written interrogatories settled and allowed as in case of the examination of a witness upon commission. Such examination, by virtue of other provisions of the statute, is taken upon written interrogatories upon a commission issued according to the rules of court. And what is there in the statute which forbids the examination of a party in the same manner and subject to the same rules of examination as this class of witnesses? And why may not the language of the statute be held to apply to that class of witnesses as well as to a witness who is personally examined on the trial, or a witness whose deposition is taken and reduced to writing upon verbal interrogatories? We see no ground for confining the language of the provision to one class of witnesses rather than the other. Here the examination is to be before a com-

missioner; and of course is before trial.   It is to be upon writ-
ten interrogatories settled by the court or judge, and conforms
essentially to the method of taking examinations upon com-
missions.   There is no general rule of court regulating the
practice, and we do not see why it was not competent for the
court to regulate the practice by an order under the other pro-
visions of the statute, even if it could not do so by virtue of
its inherent jurisdiction over the action.   The statute confers
ample authority upon the courts to make rules as to the issuing
of commissions either in vacation or term time, and the filing
of interrogatories, and all other matters relating to depositions
taken out of the state.   Section 27.   In this case the order
for the examination was made upon the affidavit and com-
plaint, and was designed to aid the plaintiff in determining
whether any amendment to the complaint was necessary.   If
the plaintiff has an absolute right to this examination of the
defendant *Ludington* at this stage of the action, as was con-
ceded by his counsel on the argument, it would seem to be a
wise exercise of discretion on the part of the court to control
and direct the course of the examination to certain matters.
Otherwise injustice might be done by permitting the examina-
tion to branch off into irrelevant matters, and thus compel
the disclosure of facts which have nothing to do with the
case.

Section 55 provides that where the examination is had before
the trial, at the option of the party claiming it, it may be
before a judge of the court, or county judge, or court commis-
sioner, on a previous notice to the party to be examined, and
any other adverse party, of at least five days, unless for good
cause shown the judge order otherwise.   This relates more par-
ticularly to the length of the notice, though the statute gives
the officer a discretion to enlarge or shorten the time for the
examination " for good cause shown."

We do not deem it necessary to make any comment upon
the cases in New York to which we were referred upon the

argument. As we have already observed, the statute of that state upon this subject is different in some respects from our own, and consequently the decisions under it are not entirely applicable here. The conclusion which we have reached, in view of the various provisions of our statute, is, that the language used in section 54 imports that the examination may be had upon written interrogatories settled by the court or judge in which the action is pending, in the same manner and subject to the same rules of examination as other witnesses whose testimony is taken upon commission, if the court shall so order ; and that, as we have no general rule regulating the practice, it was competent for the court to adopt the practice which it did in this case.

*By the Court.*— The order of the circuit court is affirmed.