KELLY and wife vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*April 12 — May 15, 1884.*

*Examination of party: Discovery: Limiting inquiry.*

The examination of a party under sec. 4096, R. S., is not limited to cases in which a discovery might have been had in equity; nor, after the issues are settled by the pleadings, can the scope of such examination be narrowed by an order of court so as to prevent the disclosure of anything relevant to the controversy.

APPEAL from the Circuit Court for *Fond du Lac* County.

Kelly and wife vs. The Chicago & Northwestern R'y Co.

The case is thus stated by Mr. Justice CASSODAY:

"The plaintiff *Anna*, with two of the children of the plaintiffs, took passage on one of the defendant's passenger trains at the city of Fond du Lac for Van Dyne station, in the town of Friendship, Fond du Lac county, August 23, 1882. On reaching the station, and after the train had stopped, and while *Anna*, with the two children, was attempting with all possible diligence and care to get off the train, as is alleged, the same was suddenly started, by and through the carelessness and negligence of the defendant's servants in charge, and the said *Anna* thereby thrown with great force and violence upon the station platform, by means of which she was greatly injured, and for the damages thereby occasioned, and also for her services and the necessary medical attendance and expenses of her sickness, this action was brought in the circuit court for Fond du Lac county.

"The defendant, by way of answer, denied most of the allegations of the complaint, and also alleged affirmatively that the said injury sustained by *Anna* was caused, or directly contributed to, by the negligence and want of due care of the said *Anna at the time*, and was not caused by the neglect or fault of the defendant, or any of its servants.

"The defendant gave the plaintiffs' attorney due notice of the examination of the plaintiff *Anna*, at the instance of the defendant, before the county judge of Fond du Lac county, and caused subpoena to be duly served upon her and returned, and her legal fees and mileage paid. Thereupon the plaintiffs' attorney, upon due notice therefor, applied to the circuit court to limit the subjects of such proposed examination, under sec. 4096, R. S., and after hearing the application it was ordered by the said circuit court 'that the proposed examination be, and the same is hereby, limited to such subjects as may be material to the defendant's case, but the same shall not extend to an examination into the

facts essential to the support of the plaintiffs' case, and to be primarily established by them as necessary to a recovery; nor shall the defendant, for the purpose of attempting to show contributory negligence, be permitted to extend the examination into an investigation of the facts which occurred at the time of the injury alleged in the complaint, as the circumstances attending such injury are necessarily a part of the plaintiffs' case.' From that order the defendant appeals."

*William F. Vilas*, for the appellant.

*Edw. S. Bragg*, for the respondent, cited: *Noonan v. Orton*, 28 Wis., 386; *Blossom v. Ludington*, 32 id., 212; *Edwards v. Wakefield*, 6 El. & Bl., 463; *Pye v. Butterfield*, 5 Best & S., 829; *Wilson v. Webber*, 2 Gray, 558; *Baker v. Carpenter*, 127 Mass., 226; *Phœnix v. Dupuy*, 7 Daly, 240; *Hynes v. McDermott*, id., 513; *Glenney v. Stedwell*, 64 N. Y., 120; Mitford's Eq. Pl., 226; Strong's Eq. Pl., 317; Cooper's Eq. Pl., 189 (top); Wigram on Discovery, 21, 22; *Bird v. Malzy*, 1 Com. B. (N. S.), 308; *Morris v. Parr*, 6 Best & S., 203; *Peppiatt v. Smith*, 3 Hurlst. & C., 129; *Beckervaise v. G. W. R'y Co.*, 40 Law J. Com. Pl., 8; *Potter v. M. D. R'y Co.*, 28 Law T. Rep. (N. S.), 231.

CASSODAY, J. In an action for negligence, if the plaintiff can prove his case without disclosing his own contributory negligence, then such contributory negligence is purely a matter of defense to be proved by the defendant. *Randall v. N. W. Tel. Co.*, 54 Wis., 147; *Hoth v. Peters*, 55 Wis., 405, and cases there cited. The same rule prevails in the supreme court of the United States and many of the states. See cases cited in Abbott's Trial Ev., 595. The burden of proving such contributory negligence being ordinarily upon the defendant, there would seem to be no objection to his affirmatively alleging a fact which he may thus be required to prove.

The complaint and answer in this case embrace at least

three issues: (1) Was the plaintiff *Anna* injured by reason of any negligence of the defendant? (2) To what extent were the plaintiffs, respectively, damaged by the injury? (3) Was the plaintiff *Anna* guilty of any negligence which contributed to the injury?

The burden of proving the first and second of these issues was upon the plaintiffs. The burden of proving the third was upon the defendant.

The order expressly precludes any examination as to any "facts essential to the support of the plaintiffs' case, and to be primarily established by them as necessary to a recovery." This, of itself, would seem to bar the defendant from such examination as to any subject pertinent to either the first or second issue above named. But if there be any doubt as to the meaning of the language quoted, it would seem to be wholly eliminated by the fact that the order expressly *limits* the examination "to such subjects as may be material to the *defendant's case:*" provided, however, that such examination upon *such subjects* shall not *be permitted to extend* "into an investigation of the facts which occurred at the time of the injury." By "the defendant's case" was clearly meant the "contributory negligence" alleged in the answer, and sought to be established by the proposed examination in question. The effect of the order was, therefore, to limit the examination "to such subjects" of contributory negligence, if any, as were not involved in "an investigation of the facts which occurred *at the time* of the injury." As the only contributory negligence alleged in the answer was such as occurred "at the time" of the injury, it is very evident that the order, in effect, precluded the defendant from any examination whatever.

Was the court thus authorized by sec. 4096, R. S., to bar the examination? It is urged with much skill and ability, in effect, that the statute furnishes a substitute for the old bill of discovery, and that the examination under it cannot

rightfully extend to any facts which could not be elicited upon such bill under the old practice. In support of such contention, counsel for the plaintiffs cites many cases from England, Massachusetts, and New York. The value of these cases depends wholly·upon the similarity of the statute thus construed with the statute here under consideration.

The old bill of discovery was commonly used in aid of the jurisdiction of some other court.    2 Daniell's Ch. Pr., 1556. Sometimes it could only be filed by leave of the court, and, under some circumstances, other conditions were imposed. Id., 1557, 1558.    It was not a matter of strict right, but depended upon a case being made coming within the proper discretionary powers of the court.    The cumbersome nature of the proceeding finally led to statutory enactments, even before legal and equitable jurisdiction were vested in the same court.    The English cases cited by counsel for the plaintiffs each arose under an act of Parliament passed in 1854, which provided, in effect, that in all cases in any of the superior courts, by order of the court or a judge, and upon a proper showing, the opposite party might be required to answer written interrogatories propounded in the ordinary way, *"upon any matter as to which discovery may [might] be sought,"* provided *such party* would be *liable* to be called and examined *as a witness* upon such matter. 40 Statutes at Large, 451, ch. 125, secs. 51, 52.    Of course, under that statute, the courts necessarily held that the examination would only be ordered in cases where such discovery would have been given in equity under the old practice, and then only where such adverse party would have been liable to be called and examined as a witness upon such matter.    The cases, therefore, are distinguishable from one which comes under an entirely different statute.

So the cases cited from Massachusetts by counsel for the plaintiffs, were each under a statute of that state, to the effect that either party might file "interrogatories *for the*

*discovery* of facts and documents material to the *support* or *defense* of the suit, to be answered on oath by the *adverse party;*" but, among other things, provided that the party interrogated should not be obliged "to disclose the names of the witnesses by whom, or the manner in which, he proposed to *prove his case.*" Under those provisions of the statute, it was necessarily held, in the cases cited, that the party examining the adverse party must be confined to such matters as were material to the case set up in *his own pleadings*, and did not extend to matters in support of *the case* of the other party.

By the New York Code, before the recent changes, an action for discovery under oath, in aid of the prosecution or defense of another action, was prohibited, and the examination of a party, "on behalf of the adverse party," was only allowed in the manner therein prescribed. Wait's Code, 1871, sec. 389. Under sec. 390 of that Code, a party to an action might have been examined as a witness, at the instance of the adverse party, and for that purpose might have been "compelled, in the same manner and subject to the same rules of examination as any other witness, to testify either at the trial, or conditionally, or upon commission." Instead of being had at the trial, the examination might have been had, upon a proper showing and the requisite notice, at any time before the trial, at the option of the party claiming it, unless, for good cause shown, the judge otherwise ordered. Id., sec. 391. Such examination, under that section, was frequently held in New York to be a matter of right. On the other hand, such examination was also held to be a substitute for the former remedy by bill of discovery, and that the court only had power to allow such examination in a case where a bill of discovery would previously have been sustained in equity.

In this confused state of the authorities in New York, which we have no purpose of attempting to reconcile or

analyze, and before the question here presented seems to have been determined by the court of appeals in that state, the new Code of Civil Procedure was there enacted, June 2, 1876. Sec. 870 of that act, as amended, provides, in effect, that the deposition of a party. to an action pending in a court of record, may be taken at the instance of an adverse party, at any time before trial, as prescribed in that article. Sec. 873, as amended, requires the judge, to whom an affidavit, such as is prescribed in section 872, is presented, to grant an order for the examination, if the action is pending; and further provides, in effect, that the order may, in the *discretion* of the judge, *designate* and *limit* the particular matters as to which such adverse party shall be examined. Under these provisions, it has been held, in effect, by some of the courts in that state, that such examination is not a mere substitute for the former remedy by bill of discovery, but that when the party makes the requisite affidavit and brings himself within the terms of the statute, then he is entitled to the examination as a matter of right. And so the contrary seems also to have been held by some of the other courts in that state. Thus it appears that, although our statute on the subject was, in part, taken from New York, yet the decisions there leave the question here presented undetermined, even if our statute was like theirs, which is not the case.

In this state a bill for discovery was abolished, and provisions made for compelling an adverse party to testify at or before the trial, by secs. 54, 55, ch. 137, R. S. 1858. Under those sections, as amended, it was in effect held, in *Blossom v. Ludington*, 32 Wis., 212, that, where the adverse party was examined before trial, such examination might be properly ordered upon written interrogatories, settled in advance. By sec. 4096, R. S., the party examining was expressly authorized "in all cases" to examine "on oral interrogatories." The same is true with the section as amended by ch. 194,

Laws of 1882. That section, as so amended, also expressly authorizes that " the examination of a party, . . . otherwise than as a witness *on a trial*, may be taken by deposition, at the instance of the adverse party, in any action . . . *at any time after* the commencement thereof, and before judgment." The statute nowhere requires the party seeking the examination to make any affidavit, nor any application to the court or judge for any order allowing him to so examine the adverse party; but, on the contrary, " the attendance of the party to be examined may be compelled upon subpœna, and the payment or tender of his fees as a witness, and *such examination* shall be subject to the *same rules* as that of any other witness; but he shall not be compelled to disclose *anything not relevant* to the controversy." Were this standing alone we should find no difficulty, upon a well-established rule of construction, in holding that such adverse party, when so examined, must, if required, disclose anything he may know which is relevant to the controversy. But the statute contains this further provision: " On motion, and one day's notice, the court or presiding judge thereof, in which the action or proceeding is pending, *may*, before the examination is begun, by order, *limit the subjects* to which such examination shall extend." When such examination is had *after* the commencement of the action or proceeding, but *before* the pleadings have been served, and hence before the case is at issue, there would seem to be great propriety in having the court or presiding judge thereof, in which the action or proceeding is pending, limit, by order, the subjects to which such examination might extend. But where the pleadings are all in, and the issues definitely setted, has such court or judge any authority, by such order of limitation, to narrow the issues made by the pleadings so as to prevent a disclosure of things which are relevant to the controversy?

It seems to us that the object of our statute, as it now

stands, is to elicit a full and complete disclosure of whatever may be relevant to the controversy, to be ascertained, in case the pleadings are in, by the issues thereby made, and, in case the issues have not been joined, then by such order limiting the subjects to which such examination may extend. This view is strengthened by the fact that while no person is disqualified as a witness in any action or proceeding, by reason of his interest in the event of the same, as a party or otherwise (sec. 4068), yet there is no other provision for requiring a party to give his deposition at the instance of *an adverse party*, except sec. 4096. The words "otherwise than as a witness on a trial," in connection with the fact that an adverse party is a competent witness, and the further fact that "any competent witness in a cause shall not be excused from answering a question relevant to the matter in issue," on the ground that his answer may tend to his prejudice (sec. 4077), seem to indicate that such adverse party may be examined upon the trial at the instance of the opposite party. Besides, it is expressly enacted that such examination or testimony of a party, *taken on the trial* or by deposition, at the instance of the adverse party, may be rebutted by other testimony, as if taken in his own behalf. Sec. 4098. This clearly shows that the testimony so taken on such examination before trial, may be used by either party on the trial, the same as the deposition of any other person could be used. The deposition of a party on his own behalf is expressly provided for in sec. 4095, R. S. Of course, where such adverse party is so examined as a witness upon the trial, his testimony is necessarily evidence in the case, subject to be rebutted by the party so calling the witness, as provided in sec. 4098. In many cases a party may be forced to rely wholly upon the testimony of the adverse party to make out his case or defense, and hence there seems to be no more reason for limiting the scope of the examination of such adverse party, when taken as a dep-

osition, than when taken in open court upon the trial.   And since no one would contend that, in case such adverse party was examined at the instance of the opposite party upon the trial, the court could rightfully narrow the scope of the examination so as to exclude matters relevant to the controversy, so it seems to us equally improper to so narrow the scope of the inquiry where the examination is by way of deposition.

Perhaps there may be cases where the pleadings have been served, and yet the issues are so indefinite that it may be necessary to define by such order more definitely what the issues are, and the general scope of the inquiry; but such limitation should not, in any event, be carried to the extent of narrowing the real issues, and thus prevent disclosure of any matters of substance relevant to the controversy.   This court has already held that the scope of such examination may be as broad as that on cross-examination.   *Stuart v. Allen*, 45 Wis., 160; *Cleveland v. Burnham, ante,* p. 16.   To hold, as urged, that such examination must be limited to cases where discovery might have been had in equity under the old practice, would be, as it seems to us, a perversion of the statute as it now exists.   It would be the interpolation of an exception not warranted by the letter or spirit of the statute.   An expression of mine, inadvertently made in *Cleveland v. Burnham, supra,* not cited by counsel, might lead to such an inference.   It was there said that "the statute *merely* regulates a former remedy."   The question here presented was not there discussed by counsel, nor considered by the court, as I now remember.   The use of the word "merely," in the opinion, was not called for by anything in the case, and the court is not, but the writer hereof is alone, responsible for its misuse.   It would have been more accurate to have said, as Mr. Justice ORTON did say, in *Stuart v. Allen, supra,* that "such an examination of a party before trial is strictly a statutory proceeding."   Such is substan-

tially the later utterance of the court of appeals of New York. *Heishon v. Knickerbocker L. Ins. Co.*, 77 N. Y., 278. But it is unnecessary to continue the discussion.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

