WHEREATT, Respondent, vs. ELLIS, Appellant.

*March 16 — April 6, 1886.*

| 65 | 639 |
| 83 | 443 |
| 65 | 639 |
| 92 | 531 |

*(1) Depositions: Examination of party: Bill of discovery abolished.*
*(2) Who may take deposition of party: Judicial or ministerial*
*proceeding: Constitutional law.*

1. The object of sec. 4096, R. S., was to abolish not only the form but also the substance of the old bill of discovery, and to enable the party to obtain the benefits of the bill and also a more ample remedy by taking the deposition of the adverse party as a witness in the case upon all questions involved in the issue.

2. Such deposition may be taken by a court commissioner of the county in which the party examined resides, although the action is pending in another county. ORTON, J., dissents.

APPEAL from the Circuit Court for *Trempealeau* County. The case is stated in the opinion.

*W. F. Bailey*, for the appellant.

*Levi M. Vilas*, for the respondent.

TAYLOR, J. The only question in this case is whether the plaintiff in the action has the right to take the deposition of the defendant before a court commissioner of the county of Eau Claire, the county in which the defendant resides. The action was commenced against the defendant in the county of Eau Claire, but the place of trial was changed to the county of Trempealeau on the application of the defendant. The notice to the defendant to appear and be examined before S. W. McCaslin, Esq., a court commissioner of the county of Eau Claire, was duly served, and the defendant refused to appear and be examined before said commissioner. Thereupon the plaintiff obtained from the Honorable A. W. NEWMAN, circuit judge of Trempealeau county, an order to show cause in the following words:
" [Title of case.]

" Upon the annexed affidavit of L. M. Vilas, plaintiff's attorney, and upon the subpoena and notice thereto annexed,

and the affidavits of service thereof thereon indorsed, and upon the affidavit of the said plaintiff hereto annexed, and upon the summons, complaint, answer, and reply, and all the papers, documents, etc., heretofore filed or served in the above-entitled action, let the said defendant, *Joseph F. Ellis*, show cause before this court, at the court house in the village of Whitehall, in the said county of Trempealeau, on the 12th day of June, A. D. 1885, at 9 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, why the answer of said defendant to the complaint in said action should not be stricken out, and judgment be given against him in said action as upon default or failure of proof, in accordance with the provisions of the statute in such case made and provided, and why the said plaintiff should not have such other or further order or relief herein as may be just and proper in the premises. And let a copy of this order to show cause, together with a copy of the said subpoena, notice, and affidavits hereto annexed, be served on the defendant's attorney herein on or before 9 o'clock A. M. of the 11th day of June, A. D. 1885.

"*Dated June 9, A. D. 1885.*

"By the court,

"A. W. NEWMAN, Circuit Judge."

A copy of the order to show cause, with the affidavit of L. M. Vilas and of the plaintiff, were served upon the defendant. Upon the hearing upon the order to show cause the affidavit of the defendant, as well as that of his attorneys, was presented to the court, and, after hearing the counsel for the respective parties, the court made the following order after the recitals: "It is hereby ordered that the said motion of the said plaintiff be, and the same hereby is, granted and allowed, and the answer of said defendant to the complaint in this action be, and the same hereby is, stricken out; and it is further ordered that judgment shall be rendered and entered herein in favor of said plaintiff and

against said defendant pursuant to the provisions of the statute in such case made and provided, unless the said defendant shall, within twenty days from the date of service of a copy of this order upon him, or upon his attorney herein, appear before S. W. McCaslin, Esq., a court commissioner of the circuit court for Eau Claire county, Wisconsin, at his office in the city of Eau Claire, in said Eau Claire county, at 9 o'clock in the forenoon of some day within the twenty days aforesaid, to be by said defendant designated, and of which time ten days' notice in writing shall be served by him on said plaintiff's attorney herein, and then and there be examined by deposition in the manner required of him by the subpœna and notice hereinbefore referred to, and unless the said defendant shall, within ten days after service of a copy of this order as aforesaid, pay to the said plaintiff's attorney in this action the sum of ten dollars, allowed as costs of said motion."

The defendant duly excepted to the order, and appeals from the order to this court. The respondent claims that the order was properly made under the provisions of secs. 4096, 4097, R. S.

As the only question in the case which is material to the determination of this appeal depends upon the question of the right of the plaintiff to require the defendant to appear before a court commissioner of Eau Claire county, and be there examined and give his deposition as prescribed by sec. 4096, R. S., it is unnecessary to review the proceedings had previous to making the order appealed from. The learned counsel for the appellant has submitted a very able argument against the power of a court commissioner of Eau Claire county to take the examination of the defendant in an action pending in Trempealeau county, upon the request and notice of the plaintiff in such action. The ground of his objection is that the taking of the deposition of the defendant on the request of the plaintiff, under the

provisions of said section, is a judicial proceeding, and that the officer taking such deposition acts judicially, and not ministerially, and that a court commissioner can only act judicially in a proceeding in an action pending in the circuit court of the county in which he resides.

On the part of the respondent it is claimed that the officer taking the deposition under said section acts ministerially, and not judicially, and that he exercises the same power in taking the deposition of a party, under the provisions of said section, as he would in taking the deposition of any other witness in the action; and that the power of the court commissioner of Eau Claire county to take the deposition of the defendant depends, not upon his power to act in his judicial capacity as a court commissioner of said county, but upon the construction which should be given to the words " a judge at chambers " used in said section, and he contends that the words " a judge at chambers " are used to designate the officer before whom the deposition may be taken, and not as determining the judicial powers of the officer who can take such deposition.

The learned counsel for the appellant insists that the taking of the deposition of an adverse party under the provisions of said section is a substitute for the old bill of discovery, and nothing more, and that the examination should be confined to such matters as could be obtained from an adverse party under a bill of discovery; and it was therefore provided that the examination should be had before an officer having judicial power, and who acts in taking such deposition in a judicial capacity. This question was very ably discussed in the case of *Kelly v. C. & N. W. R. Co.* 60 Wis. 480, and after full consideration this court held in that case that the examination of the party under this section, when had after issue joined in the action, was as full and ample as the examination of any other witness in the case, and that he could be examined, not merely as to such mat-

ters as would enable the plaintiff to make out his cause of action, but he might be examined also as to matters relating to the defense of the action. The whole subject of the extent to which an adverse party may be examined under the provisions of sec. 4096 is so clearly stated and fully discussed in the case of *Kelly v. C. & N. W. R. Co. supra*, that it is wholly unnecessary to discuss it further in this case.

To my mind, the contention for the construction claimed by the learned counsel for the defendant tends rather to perpetuate the old bill of discovery, and simply changes the form of the proceeding, whereas the object of the statute was to abolish, not only the form of the proceeding, but its substance, and enable the party to obtain the benefits of such bill of discovery, and give the party a more ample remedy by taking the deposition of the opposite party as a witness in the case upon all questions involved in the issue. This, it appears to me, is what this court held in *Kelly v. C. & N. W. R. Co.*, above cited. The statute has given the opposite party the benefit of the testimony of his adversary when called as a witness on the trial, and there seems to be no good reason for saying that he may not have that benefit by taking his deposition before trial.

It does not seem reasonable to hold that the proceeding to take the deposition is a judicial proceeding of such a character that it cannot be taken before an officer, acting ministerially within the state, when the same section provides for taking such deposition out of the state upon commission in the manner provided for taking the depositions of other witnesses. Certainly the officers or persons taking depositions out of this state, to be used in the courts of this state, do not act as judicial officers of this state.

That part of the section which provides that, " on motion and one day's notice, the court, or presiding judge thereof, in which the action or proceeding is pending, may, before examination is begun, by order, limit the subjects to which

such examination shall extend," would seem to indicate pretty strongly that the officer before whom the examination is to be held would, without such order, have no more power to limit the examination than any other officer taking an examination of any other witness in an action. This provision of the act was repealed by ch. 321, Laws of 1885, so far as it applies to an examination of the party after issue joined in the action.

Treating the words "a judge at chambers" as indicative of the officer before whom the examination may be had, and not as indicating the judicial powers which the officer taking the deposition must exercise in taking the same, we see no difficulty in saying that a court commissioner of the county where the party to be examined resides may take such deposition. "A judge at chambers" is simply a judge acting out of court, and the statute says that "except as so provided, or otherwise expressly directed in particular instances, a county judge or court commissioner may exercise, within his county, the powers, and shall be subject to the restriction thereon, of a circuit judge at chambers, according to existing practice and these statutes, in all actions or proceedings in courts of record." [Sec. 2815, R. S.] Under this section this court has held that the word "judge," when used alone, may be construed to mean county judge or a court commissioner. See *Clark v. Bergenthal*, 52 Wis. 103, 108, 109. See, also, *Woodruff v. Depere*, 60 Wis. 128, 132. In this last case it was held that the words "a judge" should be construed to include a "county judge or court commissioner." And so, in the case at bar, the words "a judge at chambers" include a county judge or court commissioner of the same county; and when the statute says the deposition of the adverse party may be taken before "a judge at chambers" in the county in which such party resides, such examination may be taken before a court commissioner of such county, as well as before such judge.

ORTON, J.   I am compelled, by my understanding of the present statute authorizing the examination of the opposite party to a suit, to differ from the majority of the court, and to respectfully dissent from the decision in this case, and especially from the opinion.   My objection is that a court commissioner cannot take such examination in any case, under the present statute.   Before the revision of 1878, when a court commissioner was authorized to conduct such examination, it was by the statute expressly naming that officer, and authorizing him to do so.   This is a mere *ministerial* duty, as we all know, and as the opinion claims; but the presiding judge of the court was as now clothed with the judicial duty and power " to limit the subjects to which such examination shall extend."   It was never claimed, before a court commissioner was so specially authorized, that such officer could so act by virtue of his powers of a judge at chambers, and afterwards, of course, it was not necessary to so claim.

The revisers, by sec. 4096, R. S., amended the former statute in some particulars, and especially in respect to the officers and persons authorized to take such examination; and it is provided now that " such deposition *shall* be taken before a judge at chambers."   The word " shall," as here used, is imperative; but it is sufficient that the present statute does not confer upon a commissioner, or any other person except the judge at chambers, this ministerial power. The reason for this change is given in the revisers' note to that section as follows:  " But expression is given the rule in *Blossom v. Ludington*, 32 Wis. 212, and provision made that before *examination* the subject of it, or the interrogatories to be put, may be settled by order.   It is also provided that such examination shall not be compelled out of the county where the party resides.   This will not interfere with the right to compel him to attend the trial as a witness, and is too manifestly just to require comment."

The above case referred to, decided that the court should control by order, or by settled interrogatories, the scope of the examination. The above statute now places the power, both of examination and its limitation, in the same officer or person,— the presiding judge,— and provides that "before the examination is begun" he shall so limit it to the subjects of controversy. The answer made by the note to the hardship of the opposite party, by not being able to compel the attendance of the party to be examined out of the county where he resides, is significant: "This will not interfere with the right to compel him to attend the trial as a witness." If a court commissioner could take the examination, it could always be taken in the county where he resides, and therefore his attendance as a witness at the trial would not be necessary in any case.

But it is clear enough that the statute now only empowers *directly* a judge at chambers to take the examination; but it is claimed, and such is the opinion, that a court commissioner may take such examination, because sec. 2434, R. S., provides that a commissioner "may exercise, within his county, the powers of a circuit judge at chambers, in any civil action pending in such county." This provision does not confer upon a commissioner the power to conduct such an examination — (1) not in this case, because the civil action in which the examination is sought was not pending in his county; but (2) more conclusively and of general application, because this statute confers on the commissioner only the *judicial* powers of a judge at chambers. The powers here mentioned are those of a judge at chambers, in a civil action. But the constitution provides what powers of a judge at chambers shall be conferred upon a commissioner. Sec. 23, art. VII: "May vest in such persons such *judicial* powers as shall be prescribed by law." This is conclusive. The power to take such an examination is a ministerial, and not a judicial, power, and therefore it is not conferred by the above statute.

This is the first time this question has been raised in this court since the revision, and the constitution ought to be regarded in disposing of it. I feel sure that I am right. It may be said that it is not very important how this question shall be decided; but all constitutional questions are of the very highest importance.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.