## NIBLO, Respondent, v. EDE, Appellant.

### (164 N. W. 109.)

(File No. 3988. Opinon fiiled August 30, 1917.)

**Trials — Discovery — Examination of Party — Exparte Order For, Whether Necessary—Statute.**

Under Code Civ. Proc., Sec. 480, as amended by Laws 1913, Chap. 162, and Secs. 478, 479, concerning examination of a party before trial, **held**, that where, after issue joined, plaintiff procured an order for oral examination of defendant before trial, trial court properly overruled defendant's motion to set aside the order upon the ground that the affidavit upon which same was based was insufficient; no affidavit, nor any order being required by the statute as a preliminary to such examination; the only reference in the statute (Sec. 480) to any requirement of an order or sufficiency of an affidavit in connection with such proceeding, being that upon good cause shown the 5-day notice therein referred to may be shortened.

McCoy, J. dissenting.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by John L. Niblo, against Ernest D. Ede. From an order denying defendant's motion to quash and dismiss an order for his examination before trial, he appeals. Affirmed.

*Ernest D. Ede,* Appellant, pro se.

Appellant cited:    Mulhern v. Grove, 111 Mich. 528, 70 N.
W. 15; Saltmarch v. Bower & Co., 22 Ala. 221, following Wilson
v. Maria, 21 Ala. 359; Chapman v. Lee, 45 Ohio St. 336, 13 N.
E. 436; Oro Water, Light & P. Co. v. City of Oroville, 162
Fed. 975; Phoenix v. Dupuy, 2 Abb. N. C. (N. Y.) 146, 7 Daly,
238, 53 How. Pr. 158; Mitherz v. Goldsmidt Bros. Co., 118 N. Y.
Suppl. 610; Norton v. Abbott, 28 How. Pr. 388; Bailey v.
Matthews, 156 N. C. 78, 72 S. E. 92, quoted with approval in
Fields v. Coleman (N. C.) 75 S. E. 1005; Jenkins v. Putnam, 106
N. Y. 727, 12 N. E. 613.

Appellant submitted, that:    Chapter 20, as sections 478 to
485 of the Code of Civil Procedure of this state, originally were
reported almost ipsissimis verbis by the Code Commissioners
of the state of New York, and later were adopted as sections
343 to 350 of the Code of New York in 1848.    Without variation
these same sections have been reenacted in New York from time
to time, the same later appearing as sections 398 to 396 in the
Voorhies Code of 1857 and in Wait's Annotated Code 1847.
That the South Dakota Code of Civil Procedure, inclusive of
chapter 20, originated in the foregoing New York codes; and
cited:    Greene v. Herder, 7 Robt. 455: 30 How. Pr. 210.

SMITH, J.    After this action was at issue, and before trial,
the plaintiff procured an ex parte order for the examination of
defendant as a party under the provisions of chapter 20, Code of
Civil Procedure, as amended by chapter 162, Laws of 1913.    The
order for examination was based upon an affidavit as follows:

"C. N. Hall, being first duly sworn, says that he is one of the
attorneys for the plaintiff in the above-entitled action; that the
plaintiff has concluded to exercise his option to examine the
defendant, Ernest D. Ede, before the trial, and does hereby
exercise that option under chapter 20 of the Code of Civil Pro-
cedure of 1903, as amended by chapter 162 of the Laws of 1913
of the state of South Dakota, and affiant requests the court to
summon said defendant before this court for the purpose of said
examination in the manner prescribed by law; that said defendant,
Ernest D. Ede, resides in, and that service my be had upon him
in, Beadle county, S. D."

Prior to the time set for the examination defendant moved
the court to quash, dismiss, and set aside said order for examina-

tion upon the ground that no proper foundation had been laid
therefor. This appeal is taken from the order denying and over-
ruling defendant's said motion to quash and dismiss.

Appellant's entire contention here rests upon the proposition
that the affidavit on which the order for examination is based does
not show any special circumstances making it necessary to ex-
amine the defendant before rather than at the trial; that it does
not show want of knowledge or lack of information or sources of
information on the part of plaintiff, nor, that the facts are
peculiarly within the knowledge of the defendant. There is no
suggestion in appellant's record of insufficiency of notice and
service thereof, under the provisions of section 480 of the Code
of Civil Procedure, and the subpœna which is in the record recites
that the defendant is to be examined "As a party before trial
in the above-entitled action under the provisions of chapter
20, of the Code of Civil Procedure, as amended by the
Laws of 1913." Appellant's entire argument is founded upon
the assumption that an order is required under the provisions of
chapter 20 of the Code of Civil Procedure. Appellant, we think,
is wrong in this assumption, and for that reason it is unnecessary
to consider the sufficiency of the contents of the affidavit.

Chapter 20 of the Code of Civil Procedure consists of sec-
tions numbered from 478 to 485, inclusive. Sections 478-480 are
as follows:

"Sec. 478. No action to obtain discovery under oath in aid
of the prosecution or defense of another action shall be allowed,
nor shall * * * examination of a party be had on behalf of
the adverse party, except in the manner prescribed by this chapter.

"Sec. 479. A party to an action may be examined as a wit-
ness, at the instance of the adverse party, or any of several adverse
parties, and for that purpose, may be compelled in the same man-
ner and subject to the same rules of examination, as any other
witness, to testify, either at the trial or conditionally, or upon
commission.

"Sec. 480. The examination instead of being had at the
trial, as provided in the last section, may be had at any time
before the trial, at the option of the party claiming it, before a
judge of the court, or a referee appointed for that purpose by the
judge of the court, on a previous notice to the party to be

examined, and any other adverse party for at least five days, unless for good cause shown, the judge order otherwise. * * *"

Chapter 162, Laws 1913.

There is absolutely nothing in the chapter relating to the examination of an adverse party as a witness orally before the judge or a referee which requires or even suggests an affidavit or an order of the judge or the court in connection with such proceeding, except that upon good cause shown the five-day notice may be shortened.

The provisions contained in chapter 20 were first introduced into the laws of this jurisdiction by chapter 6, tit. 12, of the Code of Civil Procedure adopted by the territorial Legislature in January, 1868 (Laws 1867-68, p. 1), and have remained practically unchanged up to this time. These sections were originally formulated by the New York Code commission and enacted in that state prior to their enactment by the territorial Legislature in 1868. They appear to have been first construed by the New York courts in the case of Green v. Herder, 30 How. Prac. 210. In that case Justice Barbour said:

"I can at present recall to mind no provision of the Code upon which the practice of the courts of this state has been, and even at this late date remains, so variant and unsettled as those embraced in the sixth chapter."

At the time the New York Code of Civil Procedure was adopted a statute was in force in that state prescribing the mode of taking conditionally the testimony of a witness. That statute (2 Rev. St. 1829, p. 392, § 2) provided that the party desiring such examination might apply to a judge upon an affidavit stating, among other things, the "nature of the action and the plaintiff's demand, and if the application be made by the defendant the nature of his defense," and that the judge may thereupon make an order directing such examination to be had, etc. Judge Barbour reached the conclusion that the provisions of this statute should govern the procedure under these sections of the Code, and that the same affidavit was required. A sufficient answer to this reasoning and the conclusion adopted in that state is that the New York statute relating to the taking conditionally of the testimony of witnesses was not adopted by the territorial act, and the reasoning of the New York Court is wholly inapplicable.

In the absence of a statute prescribing a different mode of compelling the attendance of an adverse party as a witness, the method prescribed in taking depositions of other witnesses, by the service of a subpœna, might perhaps be resorted to, as was done in this case, though that question is not presented at this time, and we do not pass upon it. After the decision in Green v. Herder, supra, the New York statute was amended by an act now section 872, N. Y. Code Civ. Proc., which requires an affidavit and order, and sets forth with great particularity the contents of such affidavit. The multitude of New York decisions cited in appellant's brief upon the sufficiency of the required affidavit are founded upon the amended statute, and have no application to the question presented upon this appeal. In this connection it may be noted that chapter 19, §§ 476, 477, of our Code of Civil Procedure, relating to the admission and inspection of books, papers, documents, and writings in the possession or under the control of an adverse party, specifically requires due notice and an order of the court before which the action is pending, or the judge thereof, and relegates the entire proceeding to the discretion of the court. It may be inferred that the Legislature, not having required an affidavit or order where oral evidence of the adverse party was sought, deemed them unnecessary, possibly upon the theory that the character and scope of the examination as to relevancy and materiality would be governed by the same rules as would the examination of the same witness at the trial. In fact, section 479 expressly declares that such witness shall be "subject to the same rules of examination, as any other witness." Statutes designed to afford a remedy more speedy and less complicated than the equity action for discovery have been enacted in most of the states, a resume of which may be found in a note in 24 L. R. A. 183 et seq. However, these statutes vary so much in language and interpretation that, with a few exceptions, the decisions of other states throw but little light on the question here.

In Wisconsin, under a statute similar to our sections 478-480, it was held that the action of discovery was abolished both in form and substance, and that parties might be compelled to testify before trial the same as at the trial. Kelly v. C. & N. W. R. Co., 60 Wis. 480, 19 N. W. 521; Whereatt

v. Ellis, 65 Wis. 639, 27 N. W. 630, 28 N. W. 333. The case of
Vann v. Lawrence, 111 N. C. 32, 15 S. E. 1031, was decided upon
a statute identical with our own, and sustains our view that no
affidavit or order is required. It is suggested in the decisions of
some state courts that statutory provisions of this kind were
intended as a substitute for the old bill of discovery. But as
stated in Vann v. Lawrence, supra:

"It is a substitute for the former proceeding, and not the
same. * * * In the bill of discovery leave was required to
obtain the examination of the opposite party, but it was almost a
matter of course, and possibly was, therefore, left out of the new
procedure as a useless formality. That the omission was inten-
tional may be seen by reference to section 578, immediately pre-
ceding, in regard to the inspection and copy of books, papers, etc.,
of the adverse party, which can only be had upon order of the
court made after due notice."

Our own statute with reference to the inspection and copy
of books, papers, etc., is identical with that referred to in the
foregoing quotation, and the reasoning is directly applicable here
and appears conclusive. We are of the view that Vann v. Law-
rence was not overruled by the decisions of that court in Bailey
v. Matthews, 156 N. C. 78, 72 S. E. 92, and Fields v. Coleman,
160 N. C. 11, 75 S. E. 1005. Neither of these cases refers to
the case of Vann v. Lawrence, and both appear to have been
decided upon the assumption that an order was necessary, and
that, where an order is required in a judicial proceeding based
upon facts not apparent of record, the existence of such facts
must be proved by affidavits or other competent evidence. In
Fields v. Coleman, supra, the particular section of their statute
upon which the decision is founded is not pointed out, but the
order sought was for the production of certain writings, and
the decision might well have been placed upon section 578 of the
North Carolina Code, which requires an order in such cases. The
suggestion that the examination of parties under this statute may
be resorted to for improper purposes is not convincing. In the
case at bar the cause was at issue upon proper pleadings, and the
rules governing competency and relevancy of evidence would
apply the same as at the trial. Presumably parties thus called
for examination will be represented by counsel capable of pro-

tecting their legal rights and who will see to it that the examination is confined to matters properly in issue, and, as the statute says, "subject to the same rules of examination as any other witness." Whether under this statute an adverse party may be called for oral examination prior to issue joined is a question with which we are · not concerned at this time.

While the affidavit was unnecessary, it was not improper as a means of calling the attention of the court to the desired examination. It amounted to no more than an oral application to the court to fix a time when the examination might be had before the judge or before a referee.

The order appealed from is affirmed; no costs to be taxed.

McCOY, J. (dissenting). I am unable to concur in the majority opinion for the reason that I am of the view that the showing made by respondent was wholly insufficient to warrant the court in issuing an order for the examination of the defendant prior to trial. It seems to be conceded that the former "bill of discovery" procedure has been abolished, and a more comprehensive procedure substituted therefor by chapter 20, Code Civ. Pr., as amended by chapter 162, Laws of 1913. I am of the view, however, that good cause must be shown, either by the record or by affidavit, that would justify the trial court in making an order for an examination before trial. It is not permissible under such a statute for one party to ascertain what the opposite party knows in relation to the matter in litigation. A party should not be permitted to use this procedure for "fishing expedition" purposes to ascertain whether his opponent has a good cause of action or defense, nor to ascertain the evidence on which his opponent bases his cause of action or defense; nor will such procedure be permitted for the sake of convenience, nor to satisfy a whim or curiosity; but there must be some substantial reason existing to justify the court in making an order requiring that a party be subjected to oral examination before trial. This is the rule which seems to me to be sustained by all the standard text-books and by the decisions of every court of last resort that have passed upon the question in jurisdictions having like statutes. 14 Cyc. 342 to 350; Standard Ency. of Pro. vol. 7, p. 566; 8 Ency. Pl. & Pr. 35; 2 Wait's Prac. 712. The sole question here involved is the necessity for and sufficiency of the showing in order to justify

the examination before trial. How is a court to determine whether or not such an examination should be had without a showing? I have carefully examined the authorities cited to sustain the majority opinion, and will take them up in their order. First the note to Cargill v. Kountze Bros., 24 L. R. A. 183, is cited. That note relates solely and wholly to the right to discovery by bill in states where the statute provides for oral examination before trial. Not one word is contained in this note relative to the necessity or sufficiency of the showing. The cases of Kelley v. Railway Co., 60 Wis. 480, 19 N. W. 521, and Whereatt v. Ellis, 65 Wis. 639, 27 N. W. 630, 28 N. W. 333, are next cited. These decisions are based on section 4096 of the Wisconsin statute relative to the taking of depositions of witnesses before trial. Wisconsin has no statute in relation to the oral examination of parties before trial like that in this state. I apprehend that under the provisions of chapter 21, C. C. P., the deposition of a party might be taken as a witness before trial without an affidavit or any showing previously having been made, the same as is done under the Wisconsin statute. There is a vast difference between the taking of a deposition of a party as a witness before trial and an oral examination of a party before trial. The deposition is taken and reduced to writing at the expense of the taker of the deposition, while there is no provision for the reducing to writing of the oral examination, and for the party being examined, if he desired the examination in writing or in shorthand, he would have to bear that expense himself. This would be one method of harassing an opponent if such examination could be had without any previous showing sufficient to warrant the same. The only decision cited by the majority opinion which sustains the same is Vann v. Lawrence, 111 N. C. 32, 15 S. E. 1031. The decision clearly sustains the majority opinion. The only portion of the majority opinion in which I concur is as follows:

"The case of Vann v. Lawrence, 111 N. C. 32, 15 S. E. 1031, was decided upon a statute identical with our own, and sustains our view that no affidavit is required."

The decision in Van v. Lawrence was written in 1892, and was based on sections 580 and 581 of the then Code of Civil Procedure of North Carolina. Subsequently these identical sections

became sections 865 and 866 of the 1905 Revision of the North
Carolina Code of Civil Procedure. In 1911 the Supreme Court of
North Carolina, under the same statute, in an action for libel, held
that a showing by affidavit was necessary before a defendant
could be required to submit to oral examination before trial.
Bailey v. Matthews, 156 N. C. 78, 72 S. E. 92. In this decision
the court adhered to the rule established in New York that all
motions which are based on matters extrinsic of the record must
be supported by affidavit or other like evidence, in order to
acquaint the trial court with the facts, that such is the due course
of judicial procedure, and the court said:

"In a proceeding of this kind, it is of the first importance
that the application for an order of examination should be under
oath, stating facts which will show the nature of the cause of
action, so that the relevancy of the testimony may be seen and the
court may otherwise act intelligently in the matter, and it should
appear in some way or upon the facts alleged that it is material
and necessary that the examination should be had, and that the
information desired is not already accessible to the applicant. It
should also appear that the motion is made honestly and in good
faith, and not maliciously—in other words, that it is meritorious.
*   *   * The law will not permit a party to spread a dragnet
for his adversary,  *   *   *, in order to gather facts upon which
he may be sued; nor will it countenance any attempt under the
guise of a fair examination to harass or oppress his opponent.
*   *   *    It is sufficient now to hold that the order in this case
should not have been made without a proper affidavit to sustain
it."

Every practicing lawyer knows that when he moves the court
for an order that such motion must be based either upon the
records and files in the case or upon affidavits or other competent
evidence therewith submitted. As said in some of the reported
cases and text-books, although the Legislature did not say that
the motion for oral examination before trial should be based on
affidavits, still the legislative mind must have had in view the
general and universal course of judicial procedure applicable to
all motions that when based on matter outside the record such
extrinsic facts must be shown by affidavit or other competent evi-
dence. The necessity for and good faith of such examinations

· ordinarily can only be shown by extrinsic facts outside the record. No such facts appear in this case. The North Carolina exposition of the New York rule is sound, and is sustained by all the text-books and decisions, and should be adhered to in this case.

The order appealed from should be reversed. ·