## KING v. McClurg *et al.*

1. A circuit court may ordinarily exercise the judicial powers conferred by statute upon its judge.

2. Since the adoption of section 4828, Comp. Laws, a circuit judge, when exercising judicial powers within his circuit conferred upon him as judge, may exercise such powers in the name of the court, and as the act of the court.

3. And this applies to the powers conferred upon circuit judges by section 4675, Comp. Laws; and the powers conferred upon the judge by that section may be exercised by the court, and in the name of the court.

4. An order removing an assignee under the provisions of section 4675, Comp. Laws, made without a formal notice that application would be made therefor, when such assignee and his counsel are present in court in pursuance of notice of a motion that the assignee render his account, report his proceedings, file a report of the condition of the estate, and make distribution of the proceeds in his hands, though it may be irregular, will not be reversed, when the assignee's report and admissions in open court show gross irregularities in the management of tho estate, and neither he nor his counsel object to the making of the order, or request further time, and the assignee informs the court at the time the order is made that he has no objection to being removed.

(Syllabus by the Court.    Opinion filed May 14, 1895.)

Appeal from circuit court, Hughes county.    Hon. HOWARD G. FULLER, Judge.

Proceedings for the removal of Royal F. King as assignee for the benefit of creditors.    From an order removing him, said King appeals.    Affirmed.

The facts are stated in the opinion.

*D. W. March* and *L. E. Gaffy*, for appellant.

The power to remove an assignee is a special authority conferred upon the judge merely as judge and not as a court.    Perry

v. Stevens, 13 S. W. 984. Any proceeding whereby private rights are divested wrongfully, is subject to review. Bark v. Barnum, 25 N. W. 202; Bank v. Joslin, 45 N. W. 996; Haywood v. Thatcher, 19 N. Y. 321; Preston v. Wilcox, 38 Mich. 579; Perry on Trusts, page 258; State v. Hewitt, 52 N. W. 875.

*Horner & Stewart,* for respondents.

The phrase, "By the Court," when preceding the signature of a judge of a court to an order is meaningless. The presence of the phrase or its absence cannot alter or change the character of the order. Travelers v. Mayer, 50 N. W. 703; Clark v. Stanton, 24 Minn., 232. Property assigned for the benefit of creditors becomes a trust fund in equity the moment the assignment is executed and delivered. Straw v. Jenks, 6 Dak. 431.

Corson, P. J. In December, 1890, the State Bindery Company, a corporation, made an assignment for the benefit of its creditors to Royal F. King, as assignee. Prior to this assignment Alexander C. McClurg and Frederick Smith, as copartners, had commenced an action to recover the amount due them from said State Bindery Company, for which judgment was rendered in their favor in the fall of 1891. A judgment was also rendered about the same time against said corporation in favor of Harry H. Latham for an amount due him. In November, 1892, said judgment creditors served upon said King notice of a motion for an order, substantially as follows: That the said Royal F. King, assignee, render an account of his proceedings as said assignee within a given time, to be fixed by said court, and also for an order for him to file a report of his proceedings as said assignee with said court, and to file a report of the condition of the estate in his hands, or disposed of by him as said assignee, and also for an order requiring him, as said assignee, to make a distribution of the money in his hands as said assignee, derived from the sale of the property of his assignor, the said State Bindery Company, to the creditors of said State Bindery Company, including the petitioners herein, the said A. C. McClurg & Co.

The learned counsel for appellant contend that the order was made by the "Court," and not by the "Judge," and is therefore a void order. The order recites that it was made "by the court," and as made "in open court," etc; but, in the view we take of the case, this is not material, as we are of the opinion that the order could have been made by the court. Section 4675, Comp. Laws, under which the proceedings in this case were had, provides that all the proceedings under the act shall be subject to the order and supervision of the judge of the circuit court, and that such judge may make the various orders therein provided for. The evident object of the statute was to enable the judge, as such, to make any required order at any time, upon application to him as such judge, without regard to the terms of the court held in the county where such proceedings are had. In the exercise of judicial power, a court may ordinarily perform any act, the power to perform which has been conferred upon a judge. When the judge performs any judicial act as judge, or "at chambers," he is simply acting as a judge out of court. Whereatt v. Ellis, 65 Wis. 639, 27 N. W. 630, and 28 N. W. 333. When he performs the same act in court, it is the act of the court. Prior to the amendment passed in 1887 to the practice act of 1877, many judicial powers were conferred upon the judges to enable them to perform certain duties out of term time, as under the old system a judge could perform no act, as a court, except during a regular term of court. Since the amendment above mentioned, which provides that the circuit courts are always open for the transaction of all court business, except the trial of issues of fact, the reason for exercising judicial powers conferred upon the judges, by the judge as such, and not by the court, has practically ceased to exist in this state, except when the judge exercises judicial powers without his circuit, but within the state. Section 4828, Comp. Laws. Since the amendment above referred to, a judge, when exercising judicial powers within his circuit, conferred upon him as judge, may exercise such powers in the name of the court, and as the act of the court, though he may still exercise such powers as judge only, and not

as a court, if for any reason he deems it proper to do so. The judicial powers conferred upon judges, as such, are embraced within the powers vested in the courts, and may ordinarily be exercised by the courts. This seems to have been the view of the powers conferred upon a judge taken by the supreme court of Minnesota. In construing a section of the assignment law of that state, from which ours was evidently copied, that court held that the powers conferred upon a judge might be exercised by the court. Clark v. Stanton, 24 Minn. 232. In that case the court says: "To give effect, then, to the provisions of this statute in respect to all the powers of this character which it assumes, in terms, to confer upon the 'judge of the district court,' it must be presumed they were intended to be vested in the court itself, to be exercised by the judge, as the authorized officer by and through whom its judicial functions are to be administered. That the proceedings herein, therefore, were commenced and prosecuted in the district court, furnishes no ground for alleging error." We conclude, therefore, that the order made by the court, and appealed from, was properly made by the court, instead of the judge.

It is further contended that the court erred in making the order for the removal of the assignee, for the reason that no formal objections to the report of the assignee were filed, and no cause was shown for the making of the order of removal. But we think, in view of the facts disclosed by the record in this case, that this position is not tenable. It will be observed, from that portion of the notice copied into this opinion, that notice was given that the motion would be made that the assignee render an account, report his proceedings, file a report of the condition of the estate, and make distribution of the money in his hands to the creditors. Upon the hearing of that motion, the assignee was ordered to file his account and report. By the report so filed, and the admissions of the assignee made in open court, it appeared that the proceedings of the assignee had been clearly irregular, and that there was good and sufficient cause for his removal as such assignee.

It is also contended that the court erred in removing him without notice. But we think that, under the facts disclosed by

the record in this case, the objection cannot be sustained. It ap-pears from the record that the matter was before the court for some weeks, and that a continuance was granted from time to time to enable the assignee to make out his report, account, etc., and that when the order was made, removing him, he was present in court with his counsel. It further appears that he stated in open court that he had no objection to being removed. It does not ap-pear that he requested further time to make defense to the sug-gestion of the court that, under the facts disclosed, he regarded it his duty to remove him, and when the order was made he took no exception to the order. While a notice of such motion is ordina-rily necessary, and a court would not be justified in making the order in the absence of the assignee and his counsel, without no-tice, yet, when made in the presence of the assignee and his coun-sel, without objection, or a request for further time, and upon facts appearing to the court from the report of the assignee, and his admissions in open court, we are of the opinion that a failure to require a formal notice is not a sufficient ground for a reversal of the order. Section 4675, Comp. Laws, under which this pro-ceeding was had, does not prescribe the method of proceeding. It simply provides that "such judge may in his discretion, for cause shown, remove any assignee or assignees and appoint another or others in his stead," etc. The discretion here spoken of is not a mere arbitrary discretion, but a legal discretion, to be exercised upon facts proven, or appearing to the court, and is subject to re-view by this court. The whole matter of the assignment and pro-ceedings had thereunder was before the court for investigation. It had jurisdiction of the person of the assignee, and of the sub-ject-matter, and it could properly act upon any matter connected with the execution of the trust. To hold that after the accounts and report were filed, and the admissions of the assignee in open court, showing clearly good cause for removal, it was necessary for the court to stop further proceedings, that a formal notice of a motion for a removal of the assignee might be given, when neither the assignee nor his counsel requested that such notice be given,

nor objected to the making of the order by the court, would be to require the performance of a mere useless act, not required by the terms of the statute. We are satisfied that no injustice was done the assignee in this case, and that the omission of a formal notice, if an irregularity, was not one prejudicial to the assignee.

It is further contended that the order is insufficient to transfer the estate to the new assignee. But this, in our opinion, is not tenable. The order provides: "And it is ordered that all the trust estate, real, personal and mixed, of every kind or nature, be and the same is hereby transferred and set over to the said Terrill Pattison, Esq., assignee herein appointed." This order fully complies with the terms of the statute which provides that such order "shall in terms transfer to such new assignee or assignees, all the trust estate, real, personal and mixed." Section 4675, Comp. Laws. This the order in the case at bar does, in the terms of the statute. Finding no error in the record, the order of the circuit court is affirmed.

FULLER, J., took no part in this decision.