In re TRI-STATE WHOLESALE GROCERY CO.
SHOLSETH, Appellant, v. GRIGSBY & GRIGSBY, INC.,
Respondents.

(220 N. W. 483.)

(File No. 6672.   Opinion filed July 14, 1928.)

*Parliman & Parliman*, of Sioux Falls, for Appellant.
*Lyon, Bradford & Grigsby*, of Sioux Falls, for Respondent.

BURCH, P. J.   In March, 1923, Grigsby & Grigsby, a corporation, leased to Creasy Corporation, of Louisville, Ky., a business building in Sioux Falls for a term of five years beginning April, 1923.   The lease was in writing and provided for the payment of an annual rental of $3,840, in monthly installments of $320 each.   A few months later Creasy Corporation assigned the lease to the Tri-State Wholesale Grocery Company, and by an agreement with the lessor the Tri-State Wholesale Grocery Company bound itself to perform the covenants of the lease so assigned, and entered into possession and occupied the premises to the 16th day of May, 1927.   On that day the Tri-State Wholesale Grocery Company, having become insolvent, made an assignment for the benefit of creditors under the provisions of sections 2045 to 2065, inclusive, R. C. 1919, to John Sholseth, appellant.   At the time of this assignment for benefit of creditors, all rent was paid to April 1st, and the only earned rent unpaid at that time was the rent for sixteen days in May.   Appellant, Sholseth, continued to occupy the premises, and paid $320 for another month, when on the 17th of June he gave notice of his election not to retain the lease as an asset of the estate, and on the 1st of July surrendered possession.   Respondent, claiming to be a creditor of the Tri-State Wholesale Grocery Company by virtue of the foregoing transactions, obtained of the circuit court a show cause order directed to appellant requiring him to show cause why he should not be required to allow respondent's claim.   On the hearing, the court found that respondent was entitled to a general claim for $170.50 rent from May 1st to the 17th, to a preferred claim for $148.50 rent from June 18th to July 1st while the premises were occupied by appellant as assignee and a general claim for rent for the balance of the term of the lease, less any sums that might be realized from re-renting the property, and also found for respondent in the sum of $81.37 for repairs occasioned by neglect and improper use of the premises.   Judgment was accordingly entered, and

Sholseth appeals from the judgment and an order overruling his motion for a new trial.

■ Appellant first appeared specially and challenged the jurisdiction of the court because the action was not commenced by summons. He now strenuously insists that this proceeding cannot be maintained upon a show cause order, but, if maintainable at all, it must be in an action commenced by summons in the usual manner. With this we cannot agree. Respondent does not attack the validity of the assignment or of the trust deed, but comes before the court as a creditor seeking an order pertaining solely to administration of the trust. Both the trust deed and the statute, section 2060, R. C. 1919, provide that all proceedings shall be subject to the order and supervision of the judge of the circuit court. In King v. McClurg, 7 S. D. 67, 63 N. W. 219, this court held that the circuit court might exercise the judicial power conferred upon its judge by said section 2060, so the fact that the proceedings herein purport to be the action of the court as distinguished from that of the judge is not material in determining the right to proceed without summons. We are of the opinion that the intention of the statute is to place the administration of the trust under the supervision of the circuit court or its judge and that such supervision may be exercised on the motion of one aggrieved by the action of the assignee without an action, where the administration of the trust according to the terms of the trust agreement is the only relief sought. In such case the authority of the court to proceed is derived from the statute and the terms of the agreement and not from an action pending. Nor do we in this case need to consider the status of the property affected, whether in custodia legis or not. So long as the title and possession of the assignee is unquestioned, he cannot by the terms of his trust refuse to administer it subject to the supervision of the court or judge.

■ Another contention of appellant is that respondent is not entitled to recover until it first exhausts all security held by it. The lease was signed by five persons as guarantors. The trust deed provides that the trust is—

"for the equal use and benefit of its creditors now existing, provided, however, that no creditor, whose claim is secured, or who holds the promises of any other person or persons other than the

party of the first part, as indorser, surety, guarantor, comaker, or otherwise for the payment of such claims, and who holds security for such indorsement or other guaranty, shall receive any of the dividends hereunder, or in any manner share in the benefit of the within trust, notwithstanding his joinder herein, or the trustee's consent to such joinder, unless such creditor, indorser or guarantor shall first in good faith and with due diligence realize upon or liquidate such security or secondary or additional liability, or unless the value of the same be mutually agreed upon by such creditor and the trustee, and then only for the balance of such creditor's claim remaining after the credit of the amount over such liquidation, realization, or valuation. Provided further, that the trustee is authorized to waive the foregoing restrictions upon the rights of such secured creditors when it shall seem in his discretion to be to the interests of the common creditors so to waive."

Appellant argues that respondent, by claiming under the trust deed, must accept its terms and first realize upon or liquidate such security. There is no evidence that respondent holds security for the claim, other than the guarantors, nor is there any proof that any of the guarantors or respondent hold security for the guaranty, consequently there is no security to be realized upon or liquidated. From the language of the trust deed it is apparent that the object sought to be effected by this provision was to reach collateral security in the hands of a creditor or in the hands of a guarantor and compel the liquidation of the debt as far as possible by such security before allowing such secured creditor to participate in dividends with unsecured creditors. If any of the language can be construed as requiring a creditor to first recover of a guarantor, it certainly must be limited to a guarantor holding security for his guaranty. There could be no object in forcing payment from unsecured guarantors, for to do so would make them creditors for the amount paid, and result in nothing but an exchange of creditors, with no benefit to the estate.

Next it is contended that the assignee having elected not to retain the lease as an asset of the estate, no claim can be allowed for unearned rent. In this appellant's position is not tenable. The balance due under the lease is a contingent claim in the nature of damages for breach of the lease, to be determined by the amount

agreed to be paid, less any sum that may be realized from a use of the property after its surrender by the assignee. Such claims are provable under our insolvency laws as contingent claims. Section 2047, R. C. 1919. See, also, 5 C. J. 1265, and cases there cited.

Other assignments have been considered, but we do not find that they merit discussion.

Finding no error in the record, the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., not participating.