read to the jury unless granted, it is manifest that they cannot in any case have been misled by any refusal into mistaking the ground of the refusal. If the plaintiff in error has not been deprived by such refusal of any instruction he was entitled to, he has not been damnified. If his requests were wrong or given as clearly in the language of the Court as in his own, he has not been damnified. The Court charged that there could be no recovery if the defendant below when he made his affidavits had reasonable or probable cause to believe their statements were made in good faith, and that there could be no recovery unless he was actuated by feelings of malice and explained probable cause as a reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant a cautious man in the belief that the party arrested is guilty of the offences with which he is charged. And malice was defined as an act done wrongfully and without reasonable excuse, but the court charged that if defendant before proceeding, laid all the facts before his counsel and acted in good faith on the opinion of counsel, he was not liable. But if he misrepresented the case or did not act in good faith, or did not believe there was good cause to make the affidavit, he was liable; and it was for the jury to determine whether he acted in good faith and honestly believed the statements in his affidavits to be true.

*Held,* That plaintiff in error had no cause to complain of any of these charges. The Court was also right in holding that not mere nominal damages could be recovered, where there was an allegation and proof of special damage. The jury may give general damages in such a case, to be determined by the circumstances.

Judgment reversed with costs, and a new trial ordered.

---

## PARSONS *vs.* DICKINSON.

Objections taken to testimony before an officer taking a deposition, must be reneewed in the court in which such deposition is used, if the party would avail himself of the benefit of his objections.

An indorser of a note though not legally notified of the dishonor of the same, will be deemed to have waived the want of notice, where it appears that he subsequently stated that he expected and intended to pay the note.

Error to Wayne Circuit.

PARSONS *vs.* DICKINSON.

*Opinion by* COOLEY. J.—This cause was commenced in a Justice's Court. The cause of action was an endorsement by Dickinson of a note made by one Kibbee, payable at the First National Bank of Detroit. The defence was that defendant was never legally notified of the dishonor of the note. The Justice gave judgment for the plaintiff, which was reversed by the Circuit Court, and the latter judgment comes up for review.

Two alleged errors were considered: First, that the Justice erred in receiving evidence of the custom of the bank as to making inquiries for the residence of the indorsers when they were unknown to the officers to whom the paper was committed for protest. Second, that the Justice erred in rendering judgment in favor of the plaintiff when there was no evidence in the case tending to show that proper steps had been taken to fix the liability of the defendant as endorser.

When the note fell due the defendant was a resident of Macomb county, and the only notice received by him was one deposited in the post-office directed to him at Detroit. On the trial the officer who protested the note was allowed to testify through his deposition, as to inquiries which he made concerning the defendant's residence, and also as to the diligence generally employed by the bank in these matters. It does not appear, however, that objection was made to this testimony. Defendant seems to have supposed that it was sufficient for him to make his objections before the officer taking the deposition; but this was an error. Objections taken before him are only for the purpose of reserving them for decision by the tribunal which is competent to pass upon them. No other rule would be fair either to the party offering the evidence or to the Justice.

The Court did not enter into the discussion of the question of diligence, as they deemed another point decisive of the case. Defendant was not bound to insist upon his defence on the ground of the want of notice, but might waive it if he so chose. It was proved on the trial that defendant, after the dishonor of the note, had an interview with the officers of the bank, and though he remarked that he had not received notice of its dishonor, he said he expected to pay it and wished the plaintiff to

get it from Kibbee. The defendant was sworn in his own be-
half and did not deny this statement. With full knowledge of
the facts the defendant recognized his liability.

The judgment of the Circuit Court is reversed and that of
the Justice affirmed, the plaintiff to recover costs in both
courts.

## MACUMBER *vs.* BEAM.

In an application for a dissolution of an attachment, under the act of 1851, the application is
sufficient so far as showing title to the property in the applicant, if from its terms
it would reasonably be inferred that the property still continued to belong to the applicant.

In an application to dissolve an attachment, under the act of 1851, the burden of proof is upon
the plaintiff to show the existence of facts justifying the issuing of the writ.

*Certiorari* to Commissioner of Kalamazoo Circuit.

*Opinion by* CHRISTIANCY, J.—This was an application made
by Beam, the defendant in error, under the act of 1851, to a
Circuit Court Commissioner of Kalamazoo County, for the dis-
solution of an attachment issued from the Circuit Court of that
county against Beam at the suit of Macumber. The first objec-
tion was that the application presented to the Commissioner
does not show by sufficient and certain allegations the right of
the petitioner to the property attached. The allegation is cer-
tainly necessary that the property of the applicant has been at-
tached, but it has not been held that the application must contain
an express averment that the property still belongs to the appli-
cant. The farthest the Court has gone has been to hold that when-
ever it affirmatively appears that the property at the time of the ap-
plication did not belong to the applicant, he was not entitled to have
the attachment dissolved in this proceeding.

The case of *Osborne vs. Robbins,* 10 *Mich* , 277, contains a dic-
tum from which the other allegation might be deemed necessary,
but the facts did not call for any such decision. And the Court
thought the application sufficient, if from its terms it would reason-
ably be inferred that the property still continued to belong to the ap-