ANNA E. HAMILTON v. THE WINONA SALT & LUMBER COMPANY.

*Checks—Failure to present—New promise.*

1. Where the person receiving a check, and the banker on whom it is drawn, are in the same place, in the absence of special circumstances it must be presented for payment the same day, or, at latest, the day after, it is received; but if in different places, the check must be forwarded for presentation on the day after it is received, at the latest; citing *Holmes v. Roe*, 62 Mich. 199.

2. Where it appears that the drawer of a check has been discharged by the laches of the holder, there must, in order to render the drawer liable on his promise to pay the check, be clear proof that it was made with full knowledge of all the facts and circumstances.

Error to Iosco. (Simpson, J.) Submitted on briefs March 10, 1893. Decided April 21, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Charles R. Henry*, for appellant.

*M. J. Connine*, for defendant.

McGRATH, J. Plaintiff sues as indorsee of six bank checks drawn by defendant upon J. H. Schmeck & Co., bankers, at East Tawas. Five of the checks are dated December 5, 1890, and one, December 10, 1890. The bank suspended at noon, December 11, 1890, at which time defendant had on deposit more than sufficient to pay the checks.

Plaintiff resided at Tawas City, two miles from East Tawas. A recovery was had on the check dated December 10, which was presented on December 11, and payment thereon refused. None of the other checks were presented for payment at any time, but plaintiff based her recovery for these checks upon a promise alleged to have been made by defendant on December 12. The testimony relating to this promise is as follows:

" Mr. Watson [representing defendant] came into my store the second day after the bank failed, and asked me how many of those checks I had, and I told him about $200, and he said, ' Keep them;' that he would see that they were paid, or pay them,—I am not sure what the words were he used,—inside of ten days; and I said, ' Then I

won't have them protested, but keep them as they are;' and he said, 'Just keep them as they are.'

Watson admits a conversation, but denies that he promised to pay the checks, and testifies that he had no knowledge that the checks plaintiff held had not been presented for payment. It nowhere appears that Watson knew that plaintiff held these particular checks, and there was no testimony tending to charge defendant, at the time of the alleged promise, with knowledge of the fact that these checks had been drawn December 5, and not presented within the period allowed by law for their presentation. Plaintiff's testimony would indicate that the checks held by her were of recent issue; had been presented, but had not been protested. The promise, if made, afforded no presumption of notice of dishonor, in view of the admitted fact that the checks had not been presented. *Newberry v. Trowbridge*, 13 Mich. 263, 278.

It was held in *Holmes v. Roe*, 62 Mich. 199, that where the person receiving the check, and the banker on whom it is drawn, are in the same place, in the absence of special circumstances it must be presented for payment the same day, or, at latest, the day after, it is received; but if in different places, the check must be forwarded for presentment on the day after it is received, at the latest. It is also well settled that where the drawer has been discharged by the laches of the holder, and that fact appears, there must, in order to render the drawer liable, be clear proof that the promise was made with full knowledge of all the facts and circumstances. Edw. Bills & N. §§ 652-654; 2 Daniel, Neg. Inst. § 1149; Wade, Notice, § 974; *Parsons v. Dickinson*, 23 Mich. 56; *Miller v. Hackley*, 5 Johns. 375.

Under the facts presented by the record, the defendant was entitled to an instruction that plaintiff could not

recover upon the checks dated December 5, and it is therefore unnecessary to consider the allegations of error. The judgment is affirmed.

The other Justices concurred.