## KRAMER *v.* STRYKER.

1. BILLS AND NOTES—WAIVER OF NOTICE OF DISHONOR.
   Notice of dishonor of a negotiable instrument may be waived, either before the time for giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied (2 Comp. Laws 1929, § 9358).

2. CORPORATIONS—BILLS AND NOTES—WAIVER—EVIDENCE—DIRECTORS.
   Directors of a corporate maker of note, who indorsed it and, after it was past due without their having received notice of dishonor, signed agreement, assigning payee major portion of rent to be received under lease of maker's factory, in their own respective rights and in their official capacity as directors *held,* to have thereby waived notice of presentment and dishonor since there was no occasion for their signatures as directors on such an agreement (2 Comp. Laws 1929, § 9358).

3. BILLS AND NOTES—WAIVER NOT IMPLIED FROM DOUBTFUL ACTS OR LANGUAGE OF INDORSER.
   Waiver of presentment and notice of dishonor will not be implied from doubtful acts or language of the indorser (2 Comp. Laws 1929, § 9358).

Appeal from Ottawa; Miles (Fred T.), J. Submitted December 6, 1935. (Docket No. 145, Calendar No. 37,632.) Decided January 6, 1936.

Assumpsit by Otto P. Kramer, conservator of the Holland City State Bank, against John O. Stryker and others on a promissory note. Judgment for plaintiff. Defendant Stryker appeals. Affirmed.

*Charles H. McBride,* for plaintiff.

*Cornelius Hoffius* (*Russell Van Kovering,* of counsel), for defendant Stryker.

BUTZEL, J.   On December 24, 1925, the American Cabinet Company by John O. Stryker, president, and Henry R. Brink, secretary, executed a mortgage note for $20,000 to the Holland City State Bank of Holland, Michigan.   Stryker, Brink and four others, all directors of the corporation, indorsed the note as individuals.   The note contained no waiver of notice of nonpayment or dishonor, nor was any such notice given to the indorsers when the company failed to pay the note on its due date, December 24, 1928.   On May 31, 1929, the following agreement, referred to as exhibit A, was entered into:

"Whereas, The American Cabinet Company now owes the Holland City State Bank, the sum of $20,000, secured by mortgage, which is indorsed by its directors, and desires to reduce said indebtedness, and

"Whereas, the said American Cabinet Company has lately leased its manufacturing plant to Arthur A. Visscher for a term of three years at an annual rental of $5,000, to be paid in monthly installments, and, for the purpose of reducing said indebtedness as aforesaid, the said American Cabinet Company desires to apply $400 per month from said rental, when and as the same is received, beginning June 1, 1929, and to continue during the life of said leasehold, now

"Therefore, for the sum of $1 and other valuable considerations, we, each of us, in our own respective rights and in our official capacity as directors, president and secretary of the American Cabinet Company, do hereby sell, assign, transfer and set over to the Holland City State Bank of Holland, Michigan, all our rights, title and interest in and to the extent of $400 per month as aforesaid, from and of the attached lease, dated May 23, 1928, made and entered into by and between A. A. Visscher and the said American Cabinet Company, and directors of

the said American Cabinet Company. This assignment to be and remain as additional collateral to secure the outstanding loans of the American Cabinet Company now due and owing to the said Holland City State Bank, assignee,

"In witness whereof, we hereby subscribe our names and affix our seals, and the American Cabinet Company has caused these presents to be signed in its name by its president and secretary and sealed with its corporate seal, this 31st day of May, 1929.

"AMERICAN CABINET COMPANY
"By JOHN O. STRYKER, President
HENRY R. BRINK, Secretary
JOHN O. STRYKER
JOS. TAZALAAR
HENRY R. BRINK
JOHN A. VAN KLEY
HYO F. BOS
J. N. LIEVENSE
NICK KAMMERAAD."

All of the indorsers on the note of December 24, 1925, individually signed exhibit A. An additional name appears thereon, but this could not injure the indorsers. Payments were made on the note thereafter, presumably in accordance with the assignment of rents in exhibit A. On May 17, 1932, some time after the Visscher lease expired, plaintiff, as conservator of the bank, brought suit on the original note against the corporation and all of the indorsers and subsequently recovered judgment for the balance due on the note, $16,211.40, and costs.

The sole question presented is whether appellant and the other indorsers waived notice of dishonor by their subsequent actions, particularly in signing exhibit A. Section 111 of the negotiable instruments law, 2 Comp. Laws 1929, § 9358, provides that notice of dishonor may be waived, either before the

time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied. It was a sufficient waiver when appellant and the other indorsers by signing exhibit A acknowledged that they were still liable. Appellant contends that exhibit A was entered into solely for the purpose of assigning the rents of the premises leased to Visscher, and that when he and the others signed, they did so only as directors and to give fuller force to the assignment. It is true that waiver of presentment and notice of dishonor will not be implied from doubtful acts or language of the indorser. *Mellen-Wright Lumber Co.* v. *McNett,* 242 Mich. 369. We do not believe, however, that there was anything doubtful about the capacity in which the individuals signed. They were all directors in the first instance, but they indorsed as individuals. There was no occasion whatsoever for them to sign exhibit A as directors. They stated in exhibit A, which contains an express admission of indebtedness to the bank, that they executed it in their own respective rights as well as their individual capacities as directors. The trial judge stated:

"Why, if no effect was to be given to the signing of the assignment, by the defendants in their individual capacities, why did they sign it. The language of the instrument itself indicates a purpose to bind themselves for some purpose. It was not to assign the rents; that was done by the company. Then if any purpose is to be assigned to their signatures, it must be that of a waiver. It comes close to an express waiver. It certainly implies one."

Exhibit A was an acknowledgment by the indorsers that they were still liable on the note, and constituted a waiver of the omitted notices. See *Parsons* v. *Dickinson,* 23 Mich. 56; *Bessenger* v.

*Wenzel,* 161 Mich. 61 (27 L. R. A. [N. S.] 516); 2 Daniel, Negotiable Instruments (6th Ed.), §§ 1147–1150.

The judgment for plaintiff is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.