NNDJ, INC., Mary Eghigian, Janet Terterian, Amy Dluzynski, and Edgar Villarreal, Plaintiffs,

v.

COMERICA INCORPORATED and Fifth Third Bank, Defendants.

Civil No. 07–14406.

United States District Court, E.D. Michigan, Southern Division.

Oct. 21, 2008.

Mark K. Wasvary, Becker and Wasvary, Troy, MI, for Plaintiff.

Henry Stancato, Simon, Galasso, Troy, MI, Michael G. Brady, Pamela M. Miller, Warner, Norcross, Southfield, MI, Molly E. McManus, Warner, Norcross, Grand Rapids, MI, for Defendant.

## OPINION AND ORDER GRANTING COMERICA INCORPORATED'S MOTION FOR SUMMARY JUDGMENT

JOHN FEIKENS, District Judge.

Plaintiffs filed this class action lawsuit against various regional and national banks (the "Banks") alleging that the Banks violated sections of the Uniform Commercial Code ("UCC") by issuing official checks[1] and charging non-account-

---

1. The term "official check" is not defined in the UCC but is used here to refer to either a cashier's check or a teller's check.

holders a fee to cash them. Defendant Comerica Incorporated ("Comerica") has filed a motion for summary judgment. As the basis for its motion, it argues that issuing a teller's check and charging a non-accountholder customer a fee to cash it does not violate the UCC. For the reasons set forth below, I GRANT Defendant Comerica's Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs originally brought this class action lawsuit against several regional and national banks. The suit alleges that the Banks violated sections of the UCC, as adopted in Michigan, by issuing official checks and charging non-accountholders a fee to cash them. I granted a motion to dismiss the claims against Defendants JPMorgan Chase Bank, N.A. and National City Bank, holding that the state law that prohibits charging fees to cash official checks is preempted by the National Bank Act, which applies only to national banks and allows them to charge the fees. Because they are regional banks, rather than national banks, Fifth Third Bank and Comerica Incorporated are not covered by the National Bank Act and were not dismissed from this action. Now, Defendant Comerica has filed a Motion for Summary Judgment.

Plaintiffs' complaint alleges that an unnamed individual went to Comerica and requested an official check made payable to Amy Dluzynski. Comerica issued a teller's check which was drawn on its account at Citibank. The individual who purchased this check presented the check to Ms. Dluzynski who went to a branch office of Comerica to cash the check. Because Ms. Dluzynski did not have an account with Comerica, the Bank charged her an $5.00 service fee for this transaction.

Plaintiffs' claim that by charging Ms. Dluzynski a $5.00 service fee to cash one of its teller's checks, Comerica violated UCC § 3–411, § 3–413, and § 3–414 of the UCC, as adopted in Michigan. Defendant Comerica has filed this motion for summary judgment contending that the fee it charged was permissible because it was only secondarily liable on the check and was not obligated to cash it until it had been presented for payment to the drawee, Citibank.

## ANALYSIS

### 1) Motion for Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence and any inferences drawn from the evidence in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir.2001). The burden on the moving party is satisfied where there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The trial court has some discretion to determine whether the respondent's claim is plausible. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087–8 (6th Cir.1996). *See also,*

*Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989).

### 2) Statutory Interpretation

■ The first step in statutory interpretation is to examine the language of the statute and determine if its meaning is plain. *See U.S. Dep't of the Treasury v. Fabe,* 508 U.S. 491, 500, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993); *United States v. Choice,* 201 F.3d 837, 840 (6th Cir.), cert. denied, 530 U.S. 1209, 120 S.Ct. 2210, 147 L.Ed.2d 243 (2000). In making this determination, the court looks at the language and design of the statute as a whole and makes an effort not to interpret provisions in such a manner as to render other provisions of the same statute inconsistent, meaningless or superfluous. See *United States v. Meyers,* 952 F.2d 914, 918 (6th Cir.), cert. denied, 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992); *Cafarelli v. Yancy,* 226 F.3d 492, 499 (6th Cir.2000).

### 3) Teller's checks and cashier's checks defined by the UCC

Under UCC § 3–104, a cashier's check is a draft where the drawee and the drawer are the same bank. A teller's check, however, is a draft drawn by a bank on another bank, meaning that the drawer and drawee are separate entities. UCC § 3–104.

In this case, the check at issue is a teller's check. The check was drawn by Comerica on its account at Citibank, making Comerica the drawer and Citibank the drawee.

### 4) Did Comerica violate the UCC when it charged a fee to cash a teller's check?

#### A) Comerica did not violate UCC § 3–412 when it charged a fee to cash the teller's check

■ UCC § 3–412 applies only to cashier's checks or notes, neither of which is at issue here. Specifically, UCC § 3–412 addresses the obligations of "the issuer of a note or cashier's check, or other draft drawn on the drawer." In this case, the check was not drawn on the drawer, but on a different bank. Therefore, Comerica cannot be liable under UCC § 3–412.

#### B) Comerica did not violate UCC § 3–413 when it charged a fee to cash the teller's check

■ UCC § 3–413 is titled "Obligation of Acceptor." However, by definition, Comerica cannot be an acceptor as the drawer on the check. UCC § 3–103 defines acceptor as a "drawee who has accepted a draft." In this instance, Comerica is the drawer, not the drawee. Therefore, Comerica cannot be held liable under UCC § 3–413.

#### C) Comerica did not violate UCC § 3–414 when it charged a fee to cash the teller's check

■ The instant case involves a teller's check, where Comerica is the drawer and not the drawee. Since Comerica is the drawer, its liability is secondary to the drawee of the check, in this case, Citibank. According to White & Summers:

> The drawer of a draft drawn on another bank or other third party is only secondarily liable on the instrument, that is the holder must make an attempt to collect elsewhere before the drawer must pay ... Thus, in common experience the holder of a check looks first to the bank for payment, and if it cannot be had there, to the drawer.

2 White & Summers, Uniform Commercial Code § 16–6 (5th ed.).

Section 3–414 of the UCC is entitled "Obligation of a Drawer." According to UCC § 3–414(b), if an unaccepted draft is dishonored, "the drawer is obliged to pay the draft (I) according to its terms at the

time it was issued." Dishonor occurs where a draft is payable on demand and "presentment for payment is duly made to the drawee and the draft is not paid on the date of presentment." UCC § 3–502(b)(2). Here, presentment for payment was not made to the drawee; therefore, the requirement of dishonor under UCC § 3–502(b) has not been met.

■ Despite the fact that Plaintiff did not present the check to the drawee for payment, the check may still be considered dishonored if Comerica waived presentment. Dishonor occurs without presentment if presentment is excused and the instrument is not duly accepted or paid. UCC § 3–502(e). Presentment is excused if the drawer waives it. UCC § 3–504(a)(iv). Therefore, in order to determine whether Comerica is liable on its tellers check, this Court must determine whether Comerica waived presentment. If it waived presentment, then the requirement of dishonor has been met, making Comerica liable on the check.

■ Comerica's acceptance of the check did not constitute a waiver of presentment. "Waiver of presentment and notice of dishonor will not be implied from doubtful acts or language." *Kramer v. Stryker*, 274 Mich. 179, 182, 264 N.W. 618 (1936). There was clearly no express waiver here. There was no writing on the instrument or otherwise that indicated a waiver, nor was there any oral agreement by Comerica to waive presentment to Citibank. Because there was no express waiver, any waiver of presentment would have to be implied from Comerica's conduct.

When Ms. Dluzynski went to Comerica to cash the check, Comerica did not tell her that the check was drawn on Citibank nor did it tell her that she should present the check to Citibank for payment. Plaintiffs argue that this constitutes a waiver of presentment. However, this is not a clear waiver by conduct. Comerica indicated to Ms. Dluzynski that it charged $5.00 to cash the check for a non-customer. This could just as easily be seen as a statement that it had no obligation to pay the check yet and would only do so for an additional fee because it was providing a service that it was not obliged to provide. Since Comerica's actions do not amount to a clear waiver, I hold that Comerica did not waive notice of presentment and was therefore not obligated to pay the check until the drawee, Citibank, had dishonored it.

## CONCLUSION

For the reasons set forth above, I find that Comerica's imposition of a fee to cash one of its own teller's checks did not violate the plain meaning of UCC § 3–412, § 3–413 or § 3–414 and, therefore, GRANT Comerica's Motion for Summary Judgment.

**IT IS SO ORDERED.**